NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ALICE YARBOROUGH, PETITIONER, v. WILLIAM SLOKUM AND SALLY SLOKUM, RESPONDENTS.

Decided May 26, 1942.

For the petitioner, *Nathaniel Alper.*

For the respondents, *Wolber, Gilhooly & Yauch.*

In the case *sub judice,* petitioner while in the employ of the respondents met with an accident arising out of and in the course of her employment on December 1st, 1941.

Subsequent to the accident and prior to the filing of a formal petition, respondents moved from New Jersey to New York.

On March 6th, 1942, a formal petition was filed and service rendered through the secretary of the Workmen's Compensation Bureau in accordance with section 34:15-55.1. There is no question as to this service in so far as the procedure of same was concerned.

Respondents moved by *notice of motion to quash process or notice,* alleging that aforementioned only provides service on non-residents at the time of the employment.

After careful consideration of the arguments presented by the counsel for the respondents and the counsel for the petitioner, as well as a study of the cases referred to by the respondents, I have come to the following conclusion.

This is a remedial statute and must be liberally construed.

The intent of the legislature is outlined in the last paragraph of *R. S.* 34:15-55.1; *N. J. S. A.* 34:15-55.1, which reads "This section shall be construed to extend the right of service of process upon non-residents and shall not be construed as limiting any provisions for the service of process now or hereafter existing."

In my opinion the intention of the legislature was to cover all non-residents whether such a relationship existed prior to or subsequent to the accident.

Motion is hereby denied.

JOHN C. WEGNER,
*Deputy Commissioner.*