ALICE YARBOROUGH, PETITIONER, DEFENDANT IN CER-
TIORARI, v. WILLIAM SLOCUM AND SALLY SLOCUM,
RESPONDENTS, PROSECUTORS IN CERTIORARI.

Submitted October 6, 1942—Decided February 18, 1943.

Before Justices CASE, DONGES and COLIE.

For the respondents, prosecutors in *certiorari, Gilhooly &
Yauch (Edward J. Gilhooly,* of counsel).

For the petitioner, defendant in *certiorari, Nathaniel Alper
(Samuel B. Friedman,* of counsel).

The opinion of the court was delivered by

COLIE, J. This is a writ of *certiorari* to review an order
of the Workmen's Compensation Bureau denying a motion,
after special appearance, of respondents below to quash the
process or notice in a proceeding instituted by Alice Yar-
borough against them.

Before proceeding with a discussion of the case, we point
out that the papers submitted in this matter are entitled
"William Slocum, et al. Respondents-Prosecutors, vs. Alice
Yarborough, et al., Petitioner-Respondents." This practice is
not in accord with rule 15 of this court which reads, in part:
"the party instituting the original suit or proceeding shall

be named first, although the other party may be the mover of the particular trial or argument noticed."

The pertinent facts are that Alice Yarborough, on December 1st, 1941, was employed as a domestic by William Slocum and Sally Slocum, who then resided in New Jersey. On the above date, Alice Yarborough sustained an injury arising out of and in the course of her employment by the Slocums. On January 28th, 1942, the Slocums moved their residence to New York City. Thereafter, Alice Yarborough filed a formal petition in the Workmen's Compensation Bureau and the chief clerk thereof forwarded a copy to the Slocums at their New York address, stating, in a covering letter, that he was doing so in conformity with *R. S.* 34:15-55.1. In this posture of affairs, counsel for the Slocums entered a special appearance and on motion sought, without success, to quash the service of the petition filed by Alice Yarborough.

The defendant in *certiorari* (petitioner below) urges that the writ should be dismissed as premature because there is, as yet, no final determination.

We do not think that the allowance of the writ was premature. It is long since settled that the proceedings of a special tribunal—and the Workmen's Compensation Bureau is such—may be reviewed by writ of *certiorari* prior to a final decision where the jurisdiction of the lower tribunal is, as here, called in question. This is the specific reason for our entertaining the writ at this stage of the proceedings. *Mowery* v. *Camden,* 49 *N. J. L.* 106; *Breen Iron Works* v. *Richardson,* 115 *Id.* 305; *affirmed,* 117 *Id.* 150.

The prosecutor attacks the statute under which service was made through the agency of the secretary of the Workmen's Compensation Bureau on the ground that such service violates paragraph 2 of article IV of the Federal Constitution. This point was raised in *Kawko* v. *Howe & Co.,* 129 *N. J. L.* 319, and disposed of adversely to the present prosecutors' claim. In *Kawko* v. *Howe & Co., supra,* we held that the statutory method of service was not violative of the "due process" clause of the Federal Constitution in the case of a non-resident individual who employs labor within the state. The holding in the cited case is, in effect, that the statute

*R. S.* 34:15-55.1 wipes out any difference between a resident and non-resident employer with regard to employment of labor in New Jersey, or employment of labor under contract made in New Jersey. We perceive no distinction between a non-resident employer and a resident employer who, after the contract of employment is made and services are performed thereunder, becomes a non-resident.

The writt of *certiorari* is dismissed, with costs.