[Civ. No. 3925.   Fourth Dist.   Sept. 7, 1948.]

EDWARD DE PIER et al., Appellants, v. HOWARD W. MADDOX et al., Respondents.

A. T. Procopio for Appellants.

Monroe & McInnis for Respondents.

MUSSELL, J.—This is an appeal by plaintiffs from an order quashing service of summons on defendant Howard W. Maddox.

Plaintiffs filed this action for damages for personal injuries alleged to have been sustained in an automobile accident which occurred on February 5, 1944. Service of summons upon the defendant and respondent, Howard W. Maddox, owner and operator of one of the automobiles involved was made in the manner provided by section 404 of the Vehicle Code for service of process on nonresidents. At the time of the service of summons respondent was living in the State of Alabama and was a resident of that state. After such service of process, respondent made a special appearance in the action for the sole purpose of filing his motion to quash the purported service of summons. The motion was based upon the ground that respondent was a resident of the State of California at the time of the happening of the accident and that the court had not obtained jurisdiction over him by the attempted nonresident service of process. The motion was heard upon affidavits and other documents referred to therein.

From these affidavits it appears that respondent was a member of the United States Marine Corps and came to San Diego, California, from the State of Alabama on July 3, 1941, being stationed at the Marine Corps Base in San Diego, where he remained, with the exception of overseas duty from which he returned to San Diego in November, 1943; that he was married in San Diego on January 9, 1944, and that it was stated in the marriage license, procured in San Diego, that he was a resident of this state at that time; that respondent and his wife made their home and residence at 435 Bancroft Street, San Diego; that respondent received his mail at the Bancroft Street address and continued to make it his home and residence until his return from overseas duty in 1946; that on January 10, 1944, respondent purchased the automobile which was later involved in this action, from dealers in San Diego, and forwarded to the Motor Vehicle Department at Sacramento the certificate of ownership in which his residence was stated as 435 Bancroft Street, San Diego, California; that the accident giving rise to this action occurred on the 5th day of February, 1944, while respondent was going from his work to his residence on Bancroft Street; that on March 30, 1944, respondent sold this automobile, giving his address as 435 Bancroft Street, San Diego; that from the time respondent commenced to reside

at the Bancroft Street address he had directed his mail to that street number, had forwarded all allotment checks to his wife at that place, and maintained this residence as his only home; that after the accident in 1944, he was again sent overseas and returned to San Diego in 1946; that on April 10, 1946, he left San Diego for Alabama where he was residing when served with summons. It further appears from respondent's affidavit that at the time of the accident he had no other residence than the South Bancroft Street address where he was then residing with his wife.

The affidavits of John L. King, filed by appellants, stated that he contacted the mother of respondent in the State of Alabama and was informed by her that respondent, prior to his being inducted into the Marine Corps, lived with her and her husband in Alabama and that it was respondent's intention, on being released from service, to return to Alabama and resume his residence with his mother and father.

Appellants contend that the trial court erred in determining that respondent Maddox was at the time of the accident a resident of the State of California, and the case of *Briggs* v. *Superior Court*, 81 Cal.App.2d 240 [183 P.2d 758], is cited to support this contention.

In the Briggs case a writ of prohibition was sought to stay proceedings after a motion to quash service of process under section 404 of the Vehicle Code had been denied. The writ was denied on the ground that the defendant was a nonresident at the time of the accident. The sole evidence consisted of affidavits of petitioners, the substance of which were contradictory, the acts of the parties as shown in the affidavits contradicted their statements as to their intentions. The petitioners came to California because of petitioner-husband's Navy orders. They were in California only seven days when the accident occurred and altogether they were here only one month and 12 days. The car involved in the action was never registered in this state. The court found that petitioners intended to remain in California only so long as the Navy required them to do so and that intention to remain in California was most indefinite.

In the instant case the statement of respondent of his intention to be a resident of California and that he had no other residence than California at the time of the accident, is amply supported by his acts and conduct. From 1941 to 1946, his residence was in San Diego, he was married there and was within the state until November of 1944. The application for

license, the automobile registration, and other documents all contain statements indicating that respondent was in fact a resident of California at the time of the accident. There is no testimony in the record, other than the affidavit of John L. King, which the court properly designated as a conclusion under the authority of *Johnston* v. *Benton*, 73 Cal.App. 565, 569 [239 P. 60], indicating that respondent was a resident of the State of Alabama on the date of the accident.

As used in section 404 of the Vehicle Code, a nonresident means a person who is not a resident of this state at the time the accident or collision occurs.

In *Briggs* v. *Superior Court, supra*, it was stated that the purpose of the act is to provide a method whereby persons from other states, who while temporarily within the State of California, become involved in litigation as a result of their use of a motor vehicle on the highways of the state, may be sued in this state and, although they have left the state, may be served with process by substituted service.

The evidence here presented supports the contention that respondent was a resident of the State of California at the time of the accident and for some time thereafter and that his stay in this state cannot be classified as merely temporary.

Appellants argue there is no binding force in the trial court's decision. They state that no oral testimony was introduced; that the matter was heard on affidavits and documents attached thereto and that there are no findings of fact which are binding on appeal.

With this contention we cannot agree. This is an appeal from an order granting a motion and motions are usually made and determined on affidavits alone. In the consideration of an appeal from an order made upon affidavits involving the decision of a question of fact, an appellate court is bound by the same rule that controls where oral testimony is presented for review. Where there is a conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered established. (*Fuller* v. *Lindenbaum*, 29 Cal.App.2d 227, 230 [84 P.2d 155].)

Appellants have filed herein a petition for a writ of certiorari, and a copy of the opening brief on appeal is attached to the petition. The petitioners express some doubt as to whether the order quashing the service of summons is appealable and they therefore have filed the petition for the writ.

The order quashing service of summons was made and filed on the 22d day of December, 1947, more than

three years after the commencement of the present action. Under the provisions of section 581a of the Code of Civil Procedure, unless summons shall be served and return thereon made within three years after the commencement of the action no further proceedings may be had in the action and on motion of any party interested, or on the court's own motion the action must be dismissed. Appellants concede that the order of the trial court effectively terminated the proceedings herein.

Our attention has been directed to the case of *Fuller* v. *Lindenbaum, supra,* where an appeal was taken from an order quashing service of summons which was made pursuant to section 404 of the California Vehicle Code. However, the question of the right of appeal from the order was not directly raised in that case.

In *Howe* v. *Key System Transit Co.*, 198 Cal. 525, 531 [246 P. 39], we find the following language:

"The theory upon which the decisions sustain the right of appeal from orders, where that right does not rest upon the express provisions of section 963 [Code Civ. Proc.], is that the order is in effect a final judgment against a party in a collateral proceeding growing out of the action—is so far independent of the suit itself as to be substantially a final decree for the purpose of an appeal, although there has been no final decree in the suit."

We conclude the appeal was properly taken from the order, for the reasons stated.

Order affirmed. Writ denied.

Barnard, P. J., and Griffin, J., concurred.