27 N.J. Super. 280 (1953)
99 A.2d 181
LEOCADIO COLON, ET AL., PLAINTIFFS,
v.
PENNSYLVANIA GREYHOUND LINES, INC., ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 6, 1953.
*281 Messrs. Wilentz, Goldman, Spitzer & Sills for plaintiffs.
Messrs. Cox & Walburg for defendant Michael F. Hawrusik.
CLAPP, J.S.C.
Motion is made to dismiss this action as against one of the defendants on the ground that he was not served. Service was purportedly made under R.S. 39:7-1 to 39:7-3, which, in connection with auto accidents, provide for service of process upon nonresidents through the agency of the Director of the Division of Motor Vehicles. The questions, novel in this State, are, first, whether the statutes have reference to nonresidence at the time of the accident or at the time of the service of process and, second, what is the significance of residence. At the time of the accident this defendant, though domiciled out of the State, had his usual place of abode within the State. In fact, for a period of more than two years extending over a year *282 before the accident and over a year thereafter, he was living here with his wife's family, while stationed in the army at Mitchell Field, Long Island. At the end of the period mentioned, and before process was served, he moved out of the State.
R.S. 39:7-2, as amended, speaks of residence at the time the motor vehicle is being driven, not residence at the time process is served. Its words are "Any person, not being a resident of this State, who shall drive a motor vehicle upon any public highway in this State," etc. By the use of the participle "being," there is attached to the word "resident" some period of time, and the only period alluded to in any clause near at hand is the time of driving. The statutory words do not lend themselves to another construction, however desirable it may be.
This conclusion finds support in Yarborough v. Slokum, 130 N.J.L. 565 (E. & A. 1943), reversing 129 N.J.L. 540 (Sup. Ct. 1943), 20 N.J. Misc. 321 (Work. Comp. Bur. 1942). R.S. 34:15-55.1, the statute construed in that case, was modeled upon R.S. 39:7-1 and 39:7-2. Incidentally, it was amended after the decision so as to cover the very matter of subsequent nonresidence. L. 1945, c. 74, § 15. The construction put upon R.S. 39:7-2 here is in accord with that put upon statutes in other states, although in some places the matter has been remedied by statute. Sanders v. Paddock, 342 Ill. App. 701, 97 N.E.2d 600 (App. Ct. 1951); Hendershot v. Ferkel, 144 Ohio St. 112, 56 N.E.2d 205 (Sup. Ct. 1944).
The second question put to me is as to the significance of the word "resident." The statute is not concerned with domicile. In my opinion the word "resident" is to be taken to refer to a person who has a dwelling house or usual place of abode, within the meaning of Rule 3:4-4, at which a summons can be served. That was the significance given to it under the Attachment Act, which was superseded January 1, 1952 by N.J.S. 2A:26. Stout v. Leonard, 37 N.J.L. 492 (E. & A. 1874); Baldwin v. Flagg, 43 N.J.L. 495 (Sup. Ct. 1881). Cf. M.J. Merkin Paint Co. v. Riccardi, *283 124 N.J. Eq. 597 (Ch. 1939), dealing with security for costs, which may be required of nonresidents.
Such a construction of R.S. 39:7-1 and 39:7-2 comports with the general design of those statutes to provide for service upon the Director of Motor Vehicles, where the defendant cannot readily be served in this State. Besides, it fastens to the concept of residence a fixed, familiar significance, and the endeavor should always be to tie down in this fashion terms which must be employed in matters of practice. For the authorities in other states, see Suit v. Shailer, 18 F. Supp. 568 (D.C. Md. 1937); Briggs v. Superior Court, 81 Cal. App.2d 240, 183 P.2d 758 (Dist. Ct. App. 1947); Carlson v. District Court, 116 Colo. 330, 180 P.2d 525 (Sup. Ct. 1947); Wagner v. Scurlock, 166 Md. 284, 170 A. 539 (Ct. App. 1934); Uslan v. Woronoff, 173 Misc. 693, 18 N.Y.S.2d 222 (Sup. Ct. 1939), affirmed 259 App. Div. 1093, 21 N.Y.S.2d 613 (App. Div. 1940); Bigham v. Foor, 201 N.C. 14, 158 S.E. 548 (Sup. Ct. 1931); United Services Auto Ass'n v. Harman, 151 S.W.2d 609 (Tex. Civ. App. 1941), certiorari denied 315 U.S. 807, 62 S.Ct. 640, 86 L.Ed. 1206 (1942). But see Northwestern Mortgage & Security Co. v. Noel Const. Co., 71 N.D. 256, 300 N.W. 28 (Sup. Ct. 1941).
In this case the defendant had in the State, at the time of the accident, a "dwelling house or usual place of abode" within the purview of Rule 3:4-4. The service of the process will therefore be set aside. Rule 3:12-2 does not necessarily require a dismissal of the action because of insufficiency of process. See 5 Cyc. of Fed. Proc. (3d ed.), p. 465.