## CLENDENING v. FITTERER.

### No. 35678.

Supreme Court of Oklahoma.

Oct. 6, 1953.

Bishop and Driscoll, Seminole, for plaintiff in error.

Alex Cheek, Cheek, Cheek & Cheek, Oklahoma City, for defendant in error.

JOHNSON, Vice Chief Justice.

This is an action brought by Mrs. C. J. Clendening against John Omar Fitterer, Jr., to recover damages caused by an automobile accident.

It is alleged that the accident occurred on June 13, 1948 on State Highway No. 40 at a point about one and one-half miles south of Stillwater, Oklahoma, and occured as the result of a collision between a car driven by plaintiff and a car driven by defendant causing severe injuries to her person. It is alleged that defendant resides at 2410 Wentworth, Houston, Texas, and that plaintiff is a resident of Seminole County, Oklahoma. It is also

alleged in the petition that plaintiff first filed her action in the District Court of Oklahoma County and that she thereafter on September 8, 1950, dismissed the action without prejudice and thereafter re-filed it in Seminole County.

Several acts of negligence are charged against defendant in the petition. The merits of the case, however, are not involved in this appeal.

Summons was issued and delivered to the sheriff of Seminole County who served the same by delivering a copy thereof to the Secretary of State and by delivering a copy thereof to defendant by registered mail at his place of residence in Houston, Texas, as provided by the 1941 Motor Vehicle Nonresident Service Act, S.L.1941, p. 199. Section 1 of that Act, 47 O.S.1951 § 391, provides:

"The use and operation of a motor vehicle in this State on the public highways thereof by a person who is a nonresident of this State shall be deemed:

"(a) an agreement by him that he shall be subject to the jurisdiction of the district courts of this State over all civil actions and proceedings against him for damages to person or property growing or arising out of such use or operation, and

"(b) an appointment by such nonresident of the Secretary of State of this State as his lawful attorney upon whom may be served all summons or original notices of suit pertaining to such actions and proceedings, and

"(c) an agreement by such nonresident that any summons or original notice of suit so served shall be of the same legal force and validity as if personally served on him in this State."

Summons was made on defendant as provided by section 4 of the Act, 47 O.S.1951 § 394.

On the 6th day of November, 1951, defendant entered a special appearance and moved the court to vacate and set aside the service of summons on the ground, among others, that the court did not have jurisdiction over his person or the subject-matter of the action. In support of the motion he submitted his affidavit in which he states:

prior to, on and subsequent to June 13, 1948, he was a resident and citizen of the State of Oklahoma residing at 801 W. Grand Street in Ponca City, Oklahoma. On June 13, 1948, he was driving an automobile on the highway one and one-half mile south of Stillwater, Oklahoma, and as a citizen and resident of the State of Oklahoma he was at that time and had for many years been paying taxes, voting as a citizen and was an actual bona fide resident of the State of Oklahoma. He resigned from his job at which he had been working in Oklahoma in February of 1949 and at that time moved to the State of Texas and has had his home there since that time. He was not a resident of any other state than Oklahoma on June 13, 1948 until February of 1949.

The affidavit is not controverted by plaintiff and in her brief she in effect concedes the truth of the affidavit. It will thus be seen that defendant remained within the state for approximately nine months after the accident occured and plaintiff could have sued and obtained personal service upon him within the state during all of that time.

The trial court sustained the motion to quash and set aside the service of summons and assessed costs against plaintiff. Plaintiff appeals and assigns this ruling as error.

It is the contention of defendant that substitute service authorized by the statute above does not apply where the motorist is a resident of the state at the time the accident occurs, though he thereafter leaves the state and becomes a resident of another state after the accident occurs but before suit is brought.

Plaintiff contends the contrary. It is her contention that it is immaterial whether the motorist was a resident or nonresident of the state at the time the accident occurred if he thereafter leaves the state and was a nonresident at the time the action was brought and service made upon him. In support of this contention she cites State ex rel. Thompson v. Dist. Court of Fourth Judicial Dist. in and for Missoula County, 108 Mont. 362, 91 P.2d 422. The court there held:

"The statute making the operation of any motor vehicle by any person or his agent equivalent to appointment of secretary of state to be his lawful attorney for service of process, but not authorizing service on any person who may with due diligence be found and personally served within the state, applies to a motorist who was a resident of the state at the time of accident but subsequently before institution of an action against him, removed from the state."

The court in that case, however, was construing a statute unlike our own and in disposing of the question as to whether the statute applies to a motorist who was a resident of the state at the time the accident occurred stated that this question was disposed of by section 3 of the Montana Motor Vehicle Act which provides:

" 'The operation by any person, by himself or his agent, of any motor vehicle, whether registered or unregistered, and with or without a license to operate, on any public way in this State, shall be deemed equivalent to an appointment by such person of the secretary of state, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him, growing out of an accident or collision in which he or his agent may be involved while operating a motor vehicle on any public way in this State, and such operation shall be a signification of an agreement by such person that any such process against him which is served upon the secretary of state or his successor in office shall be of the same force and validity as if served upon him personally. This section shall not apply in case of any cause of action, for the service of process in which provision is made by section two, nor shall it authorize service of process upon any person who may with due diligence be found and personally served with process within the State of Montana.' " Laws 1937, c. 10.

The court further stated:

" * * * Naturally a person involved in an automobile accident who subsequent thereto, but prior to the institution of an action against him, removes from the state to live somewhere else, though he be a resident of the state at the time of the accident, is under such circumstances a person who cannot with due diligence be found and served with process in the state. The language of the statute is too plain to mean anything else."

Our statute contains no such provision but on the contrary by specific provision makes the statute apply only to nonresident motorists who sustain an accident while operating motor vehicles upon the highways of the state. Paragraphs (b) and (c) of the Act, supra, provide that the use and operation of a motor vehicle in this State on public highways thereof by a person who is a *nonresident* of this State shall be deemed an appointment by such *nonresident* of the Secretary of State of this State as his lawful attorney upon whom may be served all summons or orginal notices of suit pertaining to such actions and proceedings; and an agreement by such *nonresident* that any summons or orginal notice of suit so served shall be of the same legal force and validity as if personally served on him in this State. Because of the difference between our statute and the statute of the State of Montana the cited case is not in point here.

We think it quite clear under our statute that a resident motorist does not by operating his motor vehicle upon the highways of the state impliedly appoint the Secretary of State as his agent upon whom service of process may be made. Therein lies the distinction between our statute and the Montana Statute.

Courts of other states in construing statutes like our own uniformly hold that the statute does not apply to a motorist who was a resident of the state at the time the accident occurred although he thereafter leaves the state and becomes a nonresident and is a nonresident at the time suit is brought. The Supreme Court of New Mexico in Fisher v. Terrell, 51 N.M. 427, 187 P.2d 387, held:

"Under statute making Secretary of State agent for service of process against

nonresident defendant in action arising out of automobile accidents while operating in New Mexico, defendant must have been a nonresident at time of accident and not at time suit is filed, for service made under the statute to be valid."

The court, in distinguishing the case from the Montana case, supra, said:

"It is unfortunate that we do not have a statute like Montana where service may be had on the Secretary of State when a resident is involved in a motor car accident and leaves the state before suit is filed, or process is served upon him, or where after diligent search he cannot be found in the state even though he does not leave. * *

"Our statute, Sec. 68-1003, supra, makes the Secretary of State the agent for the service of process against a nonresident, growing out of any accident or collision in which his motor vehicle may be involved, while it is being operated in this state by him or his agent. For such service to be valid the defendant must have been a nonresident at the time of the accident or collision and not at the time suit is filed. * * "

In Wood v. White, 68 App.D.C. 341, 97 F.2d 646, the United States Court of Appeals for the District of Columbia said:

"The Financial Responsibility Act of District of Columbia authorizing substituted service on nonresident motorist does not apply to one who was a resident of District of Columbia at time of automobile collision on public highway of District of Columbia, and who became nonresident thereafter, but prior to time action was instituted. D.C.Code, Supp. III 1937, T. 6, § 255b."

The same conclusion has been reached in the following cases: Red Top Cab & Baggage Co. for Use and Benefit of Fountaine, v. Holt, Judge, 154 Fla. 77, 16 So.2d 649; Northwestern Mortgage & Security Co. v. Noel Const. Co., N.D., 300 N.W. 28; Welch v. Ruopp, 228 Iowa 70, 289 N.W. 760.

 Under our statute and the above authorities the trial court ruled correctly in sustaining defendant's motion to quash and set aside the service of summons.

Judgment affirmed.

HALLEY, C. J., and WELCH, CORN, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.