Bacilia Lucio SOLIS et al., for the Use and Benefit of Minor Plaintiff, David Richard LUCIO, Plaintiffs,

v.

Charles Eugene BAILEY, Defendant.

Civ. A. No. 288.

United States District Court
S. D. Texas, Victoria Division.

March 16, 1956.

Kelly, Hunt & Cullen, Joe E. Kelly, Victoria, Tex., for plaintiffs.

Talbert & Giessel, Henry P. Giessel, Houston, Tex., for defendant.

INGRAHAM, District Judge.

This case is before the court upon defendant's plea to the jurisdiction and motion to quash citation.

Suit was brought by plaintiffs against defendant in the 135th Judicial District Court of Victoria County, Texas, and was removed to this court by non-resident defendant. Service upon the defendant, a resident of West Virginia, was attempted by substituted service upon the Chairman of the Highway Commission of Texas under the provisions of Article 2039a of Vernon's Annotated Civil Statutes of Texas.

Plaintiffs' complaint is based upon an alleged automobile-pedestrian collision in Victoria County on or about August 30, 1955. Defendant's motion,

which is supported by his affidavit, asserts that at the time of the collision on August 30, 1955, defendant was a resident of the State of Texas, and was not a non-resident as that term is used in Article 2039a, and that as of the date of filing the suit, February 2, 1956, and subsequent thereto, defendant was and is a resident of West Virginia. (Defendant's affidavit shows that he resided in Texas most of his life and that he moved to West Virginia October 7, 1955, where he has since resided.) The affidavit stands uncontroverted upon the record and the court judicially finds that the defendant, Bailey, was a resident of Texas at the time of the alleged collision on August 30, 1955, and that he was a resident of West Virginia at the time of the filing of the suit on February 2, 1956, and subsequent thereto.

It appears that plaintiffs have attempted to obtain service of citation upon the defendant, Bailey, through and by virtue of the provisions of Article 2039a of the Texas Revised Civil Statutes. Section 1 of this article provides in its more relevant details the following:

"The acceptance by a non-resident of this State * * * of the rights, privileges and benefits extended by law to such persons of operating a motor vehicle * * * within the State of Texas shall be deemed equivalent to an appointment by such non-resident * * * of the Chairman of the State Highway Commission of this State * * * to be his true and lawful attorney and agent upon whom may be served all lawful process in any civil action or proceeding now pending or hereafter instituted against said non-resident * * * growing out of any accident, or collision in which said non-resident * * * may be involved while operating a motor vehicle * * * within this State, either in person or by his agent * * * and said acceptance or operation shall be a signifi-

cation of the agreement of said non-resident * * * that any such process against him * * * served upon said Chairman of the State Highway Commission * * * shall be of the same legal force and validity as if served personally."

A review of this statute reveals repeated reference to the use of a motor vehicle within the State of Texas by a non-resident. The statute on its face is clearly inapplicable to the use of a motor vehicle within the State of Texas by a resident of Texas. That the defendant, Bailey, was a resident of the State of Texas at the time of the accident made the basis of the suit against him is clear and uncontroverted. The statute, therefore, has no applicability and the attempted service against him is void and totally defective.

Although there is not much Texas authority on the subject, it was been repeatedly examined in a number of other States with similar statutes with the uniform result that attempted service through the State Highway Commissioner, or other designated statutory agent, has been held void and service quashed upon a special appearance as is provided in most States. Thus, in the most recent of these decisions, Clendening v. Fitterer, Okl., 1953, 261 P.2d 896, 898, an effort was made to obtain jurisdiction of a resident of Texas within the Oklahoma courts by means of service upon the Secretary of State under the Oklahoma Motor Vehicle Non-Resident Service Act. That Act provided in part that:

"The use and operation of a motor vehicle in this State on the public highways thereof by a person who is a nonresident of this State shall be deemed: (a) * * * (b) an appointment by such resident of the Secretary of State of this State as his lawful attorney upon whom may be served all summons or original notices of suit pertaining to such actions and proceedings * * *." 47 O.S.1951 § 391.

It was undisputed that the defendant was a resident and citizen of the State of Oklahoma at the time of the accident and that he continued to be a resident for approximately nine months before moving to Houston, Texas. The Trial Court sustained the motion to quash service of citation, which ruling was affirmed by the Oklahoma Supreme Court, which stated:

"Our statute contains no such provision but on the contrary by specific provision makes the statute apply only to nonresident motorists who sustain an accident while operating motor vehicles upon the highways of the state.

\*    \*    \*    \*    \*    \*

"Courts of other states in construing statutes like our own uniformly hold that the statute does not apply to a motorist who was a resident of the state at the time the accident occurred although he thereafter leaves the state and becomes a nonresident and is a nonresident at the time the suit is brought."

In support of its holding, the Oklahoma Court cited similar actions from New Mexico, Florida, Iowa, North Dakota, and the District of Columbia.

A similar North Dakota statute reads in relevant portions:

"The use and operation by a nonresident or his agent of a motor vehicle upon or over the highways of the State of North Dakota, shall be deemed an appointment by such nonresident of the Commissioner of Insurance of the State of North Dakota, to be his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him growing out of such use or operation of a motor vehicle over the highways of this state: \* \* \*." Laws 1935, c. 174.

Where the defendant made a special appearance moving to quash service of citation on the grounds that he was a resident at the time of the accident, the North Dakota Supreme Court, North-western Mortgage & Security Co. v. Noel Const. Co., 71 N.D. 256, 300 N.W. 28, 30, stated:

"It will be noted that the statute applies only to nonresidents. It does not apply where the person to be served with process is a resident of the State \* \* \*.

"The question for determination on this appeal therefore resolves to this: Was the defendant Carter a nonresident at the time the automobile collision occurred on June 30th, 1940? If at that time he were still a resident of the State of North Dakota, then the service attempted to be made was not authorized by law. \* \* \*"

The Court then proceeded to examine the evidence which revealed that the defendant had been a resident for many years of North Dakota prior to June 30, 1940. On that date he entered his automobile with plans to drive to the State of Minnesota to visit relatives and thereafter to establish residence in some other state. The North Dakota Supreme Court held that where the accident occurred while the defendant was driving to Minnesota, the defendant had not yet accomplished a change in domicile or residence, and therefore he was a resident and the attempted service of citation upon him through the Commissioner of Insurance was a nullity and should be set aside.

In Colorado, the statute states in part:

"The operation by a non-resident of a motor vehicle on a public highway in this state shall be deemed equivalent to an appointment by such non-resident of the Secretary of State to be his or its true and lawful attorney, upon whom may be served all lawful civil processes in any actions or proceedings against him or it, growing out of any accident or collision in which such non-resident may be involved while operating a motor vehicle on such public highways; \* \* \*." Laws 1937, c. 92, § 2.

In holding that service of citation upon a person who was a resident of Colorado at the time of the accident was a nullity, Carlson v. District Court of City and County of Denver, 116 Colo. 330, 180 P.2d 525, 530, the Colorado Supreme Court stated:

"The term 'nonresident' as used in our statutes should be so construed as to make it consistent with the purpose of the act. It is obvious that the legislature intended to obviate the difficulty presented in effecting service of process in the usual and ordinary way within the state of Colorado on nonresidents, who were temporarily within the state, and who, while here, become involved in an auto accident on our public highways. In the instant case no such difficulty presented itself for plaintiff was actually living and residing in Leadville, Colorado, with his family for a period of more than five months after the accident, and there is nothing in the record disclosing any reason why service could not have been effectuated during this time. * * * Neither is there in the record anything to show that plaintiff had a permanent residence, a home, or place of abode other than in Leadville, Colorado. * * *

"The motion to quash, challenged the court's jurisdiction, and, consequently, the burden of proof in the district court was on Fodor to establish by competent evidence all the facts essential to the Court's jurisdiction. One of these essential facts in the instant case was the nonresidence of plaintiff here at the time of the accident on December 4, 1944. * * *"

In Fisher v. Terrell, 1947, 51 N.M. 427, 187 P.2d 387, 388, the New Mexico Supreme Court joined the uniform construction of these acts by stating:

"Our statute, * * *, makes the Secretary of State the agent for the service of process against a nonresident, growing out of any accident or collision in which his motor vehicle may be involved, while it is being operated in this state by him or his agent. For such service to be valid the defendant must have been a non-resident at the time of the accident or collision and not at the time suit is filed. * * *"

The District of Columbia's statute provides:

"The operation by a nonresident * * * of a motor vehicle on any public highway in the District of Columbia shall be deemed equivalent to an appointment by such nonresident of the director of vehicles and traffic * * * to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceedings against such nonresident growing out of any accident or collision in which said nonresident or his agent may be involved while operating a motor vehicle on any such public highway * * *." D.C.Code 1951, § 40–403.

In Wood v. White, 1938, 68 App.D.C. 341, 97 F.2d 646, the Court of Appeals held that attempted service upon one who was a resident of the District of Columbia at the time of the accident but who thereafter became a non-resident was defective and not authorized by the quoted statute.

The Maryland statute is similar:

"The acceptance by a non-resident individual, firm or corporation of the rights and privileges of using the roads and highways of Maryland * * * shall be deemed equivalent to an appointment by such non-resident individual * * * of the Secretary of State * * * to be his * * * true and lawful attorney upon whom may be served all lawful processes in any action or proceeding instituted * * * against him * * * growing out of any accident or collision in which said non-resident may be involved, while operating or causing to be operated, a

motor vehicle on such public highway * * *." Code Md.1951, art. 66½, § 113.

The Federal District Court of Maryland in Suit v. Shailer, D.C.D.Md.1937, 18 F.Supp. 568, held that attempted service upon one who was a resident at the time of the accident but was now a nonresident was defective and should be quashed.

Still further holdings in uniform agreement with the above cases may be found in Welsh v. Ruopp, 1940, 228 Iowa 70, 289 N.W. 760, and Red Top Cab & Baggage Co., for Use and Benefit of Fountaine v. Holt, 154 Fla. 77, 16 So.2d 649.

Although the precise point was not in question, the Fifth Circuit has set forth an interpretation which should be of assistance with respect to the Texas nonresident motorist vehicle statute in O'Sullivan v. Brown, 5 Cir., 1948, 171 F. 2d 199, 200. The Court there stated:

"The acceptance and appointment of the chairman of the State Highway Commission for service of process by the nonresident motorist under the Texas statute is clearly dependent upon two contingencies: (1) Operation by the nonresident or his agent or employee of a motor vehicle upon the public highways or streets of the State, and (2) an accident or collision in which the nonresident or his agent or employee may be involved while operating a motor vehicle on such a public highway or street."

The Fifth Circuit Court of Appeals there limited the previous wording of Article 2039a to its strict wording by refusing to extend the words "public highways or public street" to include an accident which occurred on a private way.

Finally, reference may be made to United Services Automobile Association v. Harman, Tex.Civ.App. San Antonio, 1941, 151 S.W.2d 609, writ of err. dis'd, judg. corr., where the Court in construing the previously mentioned Maryland non-resident motorist statute, assumed that it applied only to a person who was a non-resident at the time of the accident.

Under all of the authorities and under the plain, straightforward wording of Article 2039a, the attempted service of citation upon the defendant, Bailey, is a nullity and should be quashed.

■■ Plaintiffs assert that the defendant, through his attorneys, having filed in this cause (a) Notice of Removal, (b) Petition for Removal, (c) Bond for Removal, (d) Plea to the Jurisdiction, (e) Defendant's Answer to Plaintiffs' Request for Admissions, has entered an appearance in the cause. Certainly the special appearance in the case for the purpose of removal would not estop the defendant from filing a plea to the jurisdiction and motion to quash, nor would such plea and motion of itself operate as such an estoppel. As to the defendant answering the plaintiffs' request for admissions, it appears that defendant's admissions were filed 15 days after his plea and motion and would be subject thereto.

■ Defendant shows no good reason to question the jurisdiction of the court. On the contrary, defendant affirmatively establishes the court's jurisdiction by asserting his residence in West Virginia. Defendant's plea to the jurisdiction of the court will be denied and overruled.

Defendant's motion to quash citation, however, will be granted and sustained.

Clerk will notify counsel to prepare and submit appropriate order.