[Civ. No. 7370. Third Dist. Apr. 30, 1947.]

MARCUS BERGER, Petitioner, v. SUPERIOR COURT OF YUBA COUNTY, Respondent.

Van Dyke & Harris and Jack Montgomery for Petitioner.

Manwell & Manwell for Respondent.

SCHOTTKY, J. pro tem.—Petitioner seeks a writ of prohibition to restrain the Superior Court of Yuba County from any further proceedings in an action filed in said court by one Rita Fern Notestine against petitioner. Petitioner previously appeared specially and made a motion in said superior court to vacate and quash service of complaint and summons upon him upon the ground that at the time of the attempted service under section 404 of the Vehicle Code he was a nonresident of the State of California.

That a writ of prohibition is the proper method of restraining a court which is exceeding its jurisdiction by improperly assuming jurisdiction over persons not served with process as required by law is settled by the case of *Jardine* v. *Superior Court,* 213 Cal. 301 [2 P.2d 756, 79 A.L.R. 291]. That case expressly overruled some earlier decisions which held that the remedy of a defendant who attacks jurisdiction over his person is by appeal only, the court stating at page 305:

"We conclude that the jurisdictional question was properly raised by this petition; and since this conclusion is in direct conflict with the group of cases to which reference has been made (*Bullard* v. *Superior Court, supra* [106 Cal.App. 513 (288 P. 629)], and others cited *supra*) we are compelled to overrule them in so far as they purport to hold that an objection to jurisdiction over the person of a defendant cannot be raised by an application for a writ of prohibition." See, also, *Hammons* v. *Superior Court,* 63 Cal.App. 700 [219 P. 1037].

It appears from the petition, the allegations of which are not controverted, that petitioner came to California in November, 1942, as a member of the armed forces of the United States and was stationed at Camp Beale in Yuba County until March 9, 1946, when he departed for the State of Missouri; that on the 7th day of February, 1946, in the county of Yuba, petitioner, while driving an automobile, was involved in a collision with an automobile driven by one Rita Fern Notestine; that thereafter on March 21, 1946, an action was

filed against petitioner to recover for injuries and damages resulting from said collision; that an order for publication of summons was made and petitioner was handed a copy of summons and complaint in St. Louis, Missouri, on May 22, 1946; that after the order for publication of summons was made, a copy of the summons and complaint was left with the Director of Motor Vehicles at Sacramento in accordance with section 404 of the Vehicle Code; that no property of petitioner within the State of California has been brought within the jurisdiction of the court in said proceeding by attachment or otherwise; that on June 6, 1946, petitioner appeared specially in the said superior court by motion to quash the said service of summons, which said motion was argued on June 21, 1946, and denied by the said superior court on December 9, 1946. The petition alleged further that petitioner at all times from November, 1942, until about March 9, 1946, was ''domiciled in and a resident of the State of California'' and the affidavit of petitioner in support of his motion to quash service of summons, which affidavit was attached as an exhibit to the petition, reads as follows:

''That during the latter part of the Month of November, 1942, he became a resident of the State of California and continued to be a resident of said State until on or about the 9th day of March, 1946, at which time he departed from the State of California; That at the time he left the said State of California on said date he intended to relinquish all claim to California residence and to acquire a Missouri residence; That said Missouri residence was acquired by him on or about the 26th day of March, 1946, that being the date upon which he arrived within the State of Missouri;

''That on the 7th day of February, 1946, being the date referred to in plaintiff's Complaint on file herein, and being the date on which he was involved in an accident with plaintiff, named in said Complaint, he was a resident of the State of California, and that he continued to be a resident of said State until on or about the 9th day of March, 1946.''

Section 404 of the Vehicle Code provides for services of process upon a nonresident in an action growing out of any accident or collision resulting from the operation of any motor vehicle upon the highways of this state by himself or agent, but subdivision (h) of said section provides that ''nonresident'' means a person who is not a resident of this state at the time the accident or collision occurs. Such service may be made by leaving a copy of summons and complaint with

the Director of Motor Vehicles, and mailing a copy of summons and complaint to said nonresident by registered mail or by serving such nonresident personally. The Supreme Court of the United States has approved constructive or substituted service of process upon nonresident motorists coming into a particular jurisdiction and availing themselves of the highways of the state. A similar statute of the State of Massachusetts was before the court in *Hess* v. *Pawloski*, 274 U.S. 352 [47 S.Ct. 632, 71 L.Ed. 1091], and in discussing the validity of this method of service, the Supreme Court used the following language:

". . . Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved. . . . And, in advance of the operation of a motor vehicle on its highway by a nonresident, the state may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. *Kane* v. *New Jersey*, 242 U.S. 160, 167, 61 L.ed. 222, 226, 37 Sup.Ct.Rep. 30. That case recognizes power of the state to exclude a nonresident until the formal appointment is made. And, having the power so to exclude, the state may declare that the use of the highway by the nonresident is the equivalent of the appointment of the registrar as agent on whom process may be served. . . ."

The learned trial judge evidently reached the conclusion that petitioner was a nonresident of the State of California on February 7, 1946, the date of the collision, and for that reason denied petitioner's motion to quash service of summons. The question that we must decide is whether or not such conclusion is sustained by the record. It is conceded by respondent that if petitioner was a resident of the State of California at the time of the collision, petitioner is entitled to the relief sought by him.

Respondent points out that section 404 does not contain any definition of the term "nonresident" and argues that the general laws of California must be consulted for the purpose of determining whether a person is a resident or nonresident within the meaning of said section. Sections 243 and 244 of the Government Code provide as follows:

"Every person has, in law, a residence."

"In determining the place of residence the following rules are to be observed:

"(a) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose.

"(b) There can only be one residence.

"(c) A residence can not be lost until another is gained.

.    .    .    .    .

"(g) The residence can be changed only by the union of act and intent."

Counsel for respondent argues that a change of residence is obtained by act and intent and that the mere fact that a soldier in the armed forces was stationed at a place and lived there did not establish such place as his residence. He argues further that a soldier has no choice as to his dwelling place and that the fact that he remains in any one place for a considerable length of time is merely a fortuitous circumstance. He cites the case of *Johnston* v. *Benton,* 73 Cal.App. 565, where the court said at page 569 [239 P. 60]:

"It is well settled that the domicile of a person is in no way affected by his enlistment in the civil, military or naval service of his country; and he does not thereby abandon or lose his domicile which he had when he entered the service nor does he acquire one at the place where he serves (9 R.C.L. 551; *Stewart* v. *Kyser,* 105 Cal. 459 [39 P. 19]; *People* v. *Holden,* 28 Cal. 124; *Estate of Gordon,* 142 Cal. 125 [75 P. 672]; *Percy* v. *Percy,* 188 Cal. [765] 768 [207 P. 369]). True, the fact of his being on military duty does not preclude him, if he so desires, from establishing residence where he is stationed (*Percy* v. *Percy, supra*); but the uncontradicted evidence here is that such was not Benton's desire—that he never had any intention of doing so.

"The question of whether a person has changed his residence from one place to another must depend largely upon his intention, and that intention is often manifested by the purpose that impelled him in taking up a new place of abode."

█ It is, of course, true that the mere fact that petitioner was stationed at Camp Beale in California as a member of the armed forces did not, of itself, make him a resident of California, but, as stated in *Johnston* v. *Benton, supra,* "the fact of his being on military duty does not preclude him, if he so desires, from establishing residence where he is stationed." If, therefore, petitioner desired to change his legal residence to California after he was stationed in California there was nothing to prevent him from doing so. He was living in California and all that was required to make him a legal resi-

dent was a decision or intention on his part to become a resident of California. His affidavit states that he became a resident of California in November, 1942, and continued to be a resident until March 9, 1946. There is nothing in the record to contradict his statement that he was a resident of California unless it can be inferred that he was a nonresident because he came to and was stationed in California as a member of the armed forces. Respondent argues that little reliance should be placed upon petitioner's affidavit because it "merely states his conclusion that he was a resident of the State of California." However, in *Johnston* v. *Benton, supra,* the court said at page 570:

". . . And in this connection it may be added that Benton's own affidavit in which he stated that he was a resident of Shasta County must be considered in corroboration of his oral testimony because it was the statement of a probative fact, about which he was qualified to testify (*O'Brien* v. *O'Brien, supra* [16 Cal.App. 103 (116 P. 692)].)"

We have, therefore, a situation where the record shows that petitioner actually lived in California for more than three years prior to the date of the collision and his own statement that he became a resident of California in November, 1942, and continued to be such until March 9, 1946. There is no evidence in the record which could support a finding that he was a nonresident of California on February 7, 1946, and in the absence of any such evidence we can reach no other conclusion than that petitioner was not a nonresident of California within the meaning of section 404 of the Vehicle Code on February 7, 1946, and that the trial court should have granted petitioner's motion to quash service of summons.

In reaching this conclusion we have not taken into consideration Exhibit "D" attached to the petition, which is a certified copy of a certificate of registration showing that petitioner registered as a voter of Yuba County on September 29, 1945, because it is not clear as to whether or not said certificate was before the trial court, although the petition states that it was submitted to the trial court after the submission of the motion to quash and prior to the trial court's order denying said motion.

In view of the foregoing it is ordered that a writ of prohibition issue commanding respondent court to desist from any further proceedings in said action.

Peek, J., and Thompson, Acting P. J., concurred.