[Civ. No. 18918.   Second Dist., Div. Three.   Mar. 28, 1952.]

H. DANIEL WEISFELD, a Minor, etc., Petitioner, v. SU-
PERIOR COURT OF LOS ANGELES COUNTY, Re-
spondent; HARRIET TASOFF et al., Real Parties in
Interest.

Bailie, Turner & Lake for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

No appearance for Real Parties in Interest.

VALLÉE, J.—Petitioner seeks a writ of prohibition to restrain the Superior Court of the County of Los Angeles from taking any further proceedings in an action entitled "HARRIET TASOFF and LLOYD A. TASOFF v. H. DANIEL WEISFELD," No. 579348, until H. Daniel Weisfeld, the defendant in that action, has been served with process in the manner prescribed by law.

Harriet Tasoff and Lloyd A. Tasoff, at all pertinent times, have resided in Los Angeles. On October 27, 1950, they commenced action 579348 against petitioner Weisfeld to recover damages for personal injuries and caused a summons to be issued. The accident was alleged to have occurred in Los Angeles on August 5, 1950, and to have resulted from the operation of a motor vehicle by Weisfeld on a highway.

Petitioner Weisfeld, born February 17, 1931, was 19 years of age at the time action 579348 was commenced. Since January 8, 1945, his parents have constantly resided in Dallas, Texas. During all of said time petitioner has been, and is now, a resident of Texas, and is now, and ever since March 7, 1951, has been, a member of the armed forces of the United States, and ever since December 1, 1951, he has been, and still is, stationed at Fort Hood, Texas.

On November 19, 1951, a copy of the complaint and summons in action 579348 was served on the Director of Motor Vehicles of California with a fee of $2.00. On November 30, 1951, one Holland sent a notice of service of process on

the director[1] and a copy of the summons and complaint, by registered mail, to petitioner at "2409 Park Row, Dallas, Texas." The papers so mailed and the envelope in which they were contained were received and receipted for by petitioner's mother about December 5, 1951. Petitioner was not, at the time of the receipt of said papers by his mother, in Dallas, but was at Fort Hood, Texas. He has never subscribed his name, nor has he authorized any other person to subscribe his name, to any receipt for said papers. His mailing address at that time was "Private US54019834 ENL DET 4005th USU Fort Hood Texas." Petitioner has never been personally served with process, nor has summons been published, nor has he appeared in action 579348.

Section 404 of the Vehicle Code provides that when a nonresident accepts the rights and privileges of using the highways of California by driving a motor vehicle thereon, he, by such act, appoints the Director of Motor Vehicles as his attorney, on whom may be served all lawful processes in any action against such nonresident growing out of an accident or collision resulting from the operation of any motor vehicle on such a highway by himself or agent. Subsections (b), (c), (d), (e), and (h) of section 404 read:

"(b) The acceptance of such rights and privileges or use of said highways shall be a signification of the agreement of said nonresident that any such process against him which is served in the manner herein provided shall be of the same legal force and validity as if served on said nonresident personally in this State.

"(c) Service of such process shall be made by leaving a copy of the summons and complaint with a fee of two dollars ($2) for each nonresident to be so served in the hands of the director or in his office at Sacramento and such service shall be a sufficient service on said nonresident subject to compliance with subdivision (d) hereof.

"(d) A notice of such service and a copy of the summons and complaint shall be forthwith sent by registered mail by the plaintiff or his attorney to said defendant. Personal

---

[1] "To H. DANIEL WEISFELD, A NONRESIDENT DEFENDANT:

"PLEASE TAKE NOTICE that due to the fact that you are a non-resident of the State of California, and being a resident of the State of Texas, and being a defendant in the above captioned action, that the plaintiffs herein have, pursuant to Section 404 of the Vehicle Code of the State of California, served a copy of the summons and complaint in the above entitled action on the Director of Motor Vehicles of the State of California, together with the required fee of $2.00, on the 19th day of November, 1951."

service of such notice and a copy of the summons and complaint upon said defendant wherever found outside this State shall be the equivalent of said mailing.

"(e) Proof of compliance with subsection (d) hereof shall be made in the event of service by mail by affidavit of the plaintiff or his attorney showing said mailing, together with the return receipt of the United States post office bearing the signature of said defendant. Such affidavit and receipt shall be appended to the original summons which shall be filed with the court from out of which such summons issued within such time as the court may allow for the return of such summons. In the event of personal service outside this State such compliance may be proved by the return of any duly constituted public officer, qualified to serve like process of and in the State or jurisdiction where the defendant is found, showing such service to have been made. Such returns shall be appended to the original summons which shall be filed as aforesaid.

"(h) As used in this section 'nonresident' means a person who is not a resident of this State at the time the accident or collision occurs.''

The general rule is that a court may not acquire jurisdiction *in personam* over a nonresident defendant in an action by service of notice or other process outside the territory or state in which the forum exists. (*Frey & Horgan Corp.* v. *Superior Court,* 5 Cal.2d 401, 404 [55 P.2d 203]. See 37 Cal. L.Rev. 80, 88.) Section 404 of the Vehicle Code prescribes a form of constructive service. (*Berger* v. *Superior Court,* 79 Cal.App.2d 425, 428 [179 P.2d 600]; *De Pier* v. *Maddox,* 87 Cal.App.2d 460, 463 [197 P.2d 87]. See *Northwestern Mortgage & Security Co.* v. *Noel Const. Co.,* 71 N.D. 256 [300 N.W. 28].) When jurisdiction is sought to be obtained by a prescribed form of constructive service the statutory conditions on which the service depends must be strictly observed. Unless the statute has been complied with, there is no power to render a judgment. (*Pinon* v. *Pollard,* 69 Cal.App.2d 129, 133 [158 P.2d 254].) It is only when service is made as provided in section 404 that it has the same force as service made on the nonresident personally in this state. In compelling proof of service by a return receipt "bearing the signature of said defendant" the statute requires actual delivery to the defendant by registered mail of a copy of the notice, summons, and complaint.

The statutory conditions were not complied with in action

579348. Service on the director alone is not sufficient. A notice of such service, together with a copy of the summons and complaint, must be forthwith sent by registered mail *by the plaintiff or his attorney* to the defendant. Neither the notice, nor a copy of the summons, nor a copy of the complaint, was sent by the plaintiffs or by their attorney to the defendant. They were sent by someone who was a stranger to the action. Proof of compliance with the provisions of subsection (d) must be made by affidavit of the plaintiff or his attorney, showing the mailing, together with the return receipt of the United States post office bearing the signature of said defendant. Proof of compliance with subsection (d) was not made by either the affidavit of one of the plaintiffs or their attorney as required; neither was there a return receipt of the United States post office bearing the signature of the defendant obtained. The return receipt bears the signature of the mother of the defendant only. ▉ The attempted service of process on the defendant was a nullity, and the superior court is without jurisdiction to proceed until valid service has been made in the manner prescribed by law.

Prohibition is the proper remedy. (*Berger* v. *Superior Court,* 79 Cal.App.2d 425-426 [179 P.2d 600] ; *Briggs* v. *Superior Court,* 81 Cal.App.2d 240-241 [183 P.2d 758].) ▉ It is not a prerequisite to the granting of the writ that petitioner have first appeared specially in the superior court action and have made a motion to quash service of process. Petitioner, a minor, could only have appeared in that court by his general guardian or by a guardian *ad litem.* (Code Civ. Proc., § 372.) He does not have a general guardian ▉ If a guardian *ad litem* is appointed prior to service of process on a minor, the appointment is void and the appointee has no power to appear. (*Akley* v. *Bassett,* 189 Cal. 625, 639 [209 P. 576] ; *McCloskey* v. *Sweeney,* 66 Cal. 53 [4 P. 943].) ▉ Petioner, therefore, could not have appeared specially in the superior court to object to the jurisdiction of that court prior to instituting the present proceeding.

Let a peremptory writ of prohibition issue commanding the superior court to refrain from further proceedings in that certain action entitled "HARRIET TASOFF and LLOYD A. TASOFF v. H. DANIEL WEISFELD," No. 579348, at the behest of the plaintiffs therein, until H. Daniel Weisfeld, the defendant, has been served with process in the manner prescribed by law.

Shinn, P. J., and Wood (Parker), J., concurred.