**Marjorie B. MANGENE and Robert Mangene, her husband,**

v.

**William J. DIAMOND.**

**Civ. A. No. 16943.**

United States District Court
E. D. Pennsylvania.

June 9, 1955.

28

Swartz, Campbell & Henry, Philadelphia, Pa., for plaintiffs.

Albert C. Gekoski, Cornelius C. O'Brien, Jr., Philadelphia, Pa., for defendant.

GRIM, District Judge.

 This action for personal injuries arising from an automobile collision in California was brought more than one year but less than two years after the accident occurred. According to his uncontradicted affidavit and deposition, defendant at the time of the accident was a "nonresident" motorist of California,[1] where he was stationed with the Marine Corps. He returned to his home in Morton, Pennsylvania, about three months after the accident.

1. Within the meaning of the California Nonresident Motorist Act, Cal.Vehicle Code, § 404(h); see Berger v. Superior Court, 1947, 79 Cal.App.2d 425, 179 P. 2d 600.

Defendant has moved to dismiss this action on the ground that it is barred by the California Statute of Limitations. Code Civ.Proc. § 340.

██ Under the Pennsylvania "Borrowing Act",[2] if the cause of action has been "fully barred" by the applicable one-year California Statute of Limitations, "such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth" including the federal district courts situated in Pennsylvania. If the cause of action has not been "fully barred" by the one-year California Statute of Limitations, then, of course, the suit is timely under the two year Pennsylvania Statute of Limitations, 12 P.S. § 34, the law of the forum applicable to personal injury actions.

Whether the cause of action was "fully barred" by the California Statute of Limitations depends on whether the California Suspension of Limitations Statute [3] is applicable in a case, like the present one, where the absent defendant is amenable to substituted service of process under the California Nonresident Motorist Act [4] during the entire one-year statutory period of limitations.

██ On the basis of the reasoning appearing in the following analogous cases, I have concluded that since plaintiffs could have maintained a timely action in California by substituted service of process, the one-year California Statute of Limitations was not tolled by that state's Suspension of Limitations Statute, despite defendant's departure from California three months after the accident: Karagiannis v. Shaffer, D.C.W.

D.Pa.1951, 96 F.Supp. 211; Arrowood v. McMinn County, 1938, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855;[5] cf. Loope v. Greyhound Lines, 1952, 114 Cal. App.2d 611, 250 P.2d 651.

██ Therefore, under the Pennsylvania "Borrowing Act", this action, having been brought more than one year after the cause of action arose, is fully barred by the California Statute of Limitations.[6]

And Now, in accordance with the foregoing memorandum opinion it is Ordered that defendant's motion to dismiss the complaint be and it is hereby granted and the complaint is hereby dismissed.

2. Act of 1895, P.L. 375, § 1, 12 P.S. § 39.

3. Cal.Code of Civil Procedure, § 351, which provides in pertinent part: "If, after the cause of action accrues [against a person], he departs from the State, the time of his absence is not part of the time limited for the commencement of the action."

4. Cal.Vehicle Code, § 404, which provides that service may be made upon a nonresident motorist defendant by leaving a copy

of the summons and complaint with the California Director of Motor Vehicles, and mailing a copy of the summons and complaint to the nonresident by registered mail or by serving him personally.

5. See Notes, 94 A.L.R. 485 and 119 A.L.R. 859.

6. Cf. State Compensation Ins. Fund v. Proctor & Schwartz, D.C.E.D.Pa.1952, 102 F.Supp. 451 (opinion by Clary, J.).