[Civ. No. 25370.   Second Dist., Div. Three.   Apr. 24, 1961.]

EILEEN KAPLAN, as Coexecutrix, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARY COLLINS KASSAB, Real Party in Interest.

John F. Cobb for Petitioner.

No appearance for Respondent.

Carol Glenn Wynn and Anthony M. Wynn for Real Party in Interest.

NOURSE, J. pro tem.*—Petitioner seeks a writ of mandate pursuant to section 416.3, Code of Civil Procedure, requiring the superior court to vacate its order denying petitioner's motion to quash service of summons upon her as executrix

---

*Assigned by Chairman of Judicial Council.

of the estate of David Robert Kaplan, hereinafter called "David," under letters testamentary issued by the Surrogate's Court of New York County, State of New York.

The facts are not in dispute. They are: Real party in interest, Kassab, seeks to recover damages for personal injuries alleged to have been sustained by her through the negligence of petitioner's decedent who was then a resident of New York, in the operation of an automobile upon the highways of this state. Upon David's death his will was offered for probate in the above mentioned court of the state of New York and letters testamentary were issued to petitioner and another as coexecutors. Thereafter the subject action was commenced and the summons and complaint were served upon petitioner in the State of California. Copy of the summons and complaint was not served upon the Director of Motor Vehicles of this state nor was any copy of the summons and complaint sent by registered mail to David's executors. No ancillary proceedings in the estate of David are pending in this state.

A foreign executor is immune from being sued in this state in the absence of valid legislation which makes him subject to the process issued in an action commenced in this state. (*Canfield* v. *Scripps*, 15 Cal.App.2d 642, 644-645 [59 P.2d 1040]; *Helme* v. *Buckelew*, 229 N.Y. 363 [128 N.E. 216, 218-219]; *McMaster* v. *Gould*, 240 N.Y. 379 [148 N.E. 556]; 40 A.L.R. 792, 794-795; Rest., Conflict of Laws, § 512.) A foreign executor is, however, subject to the process of this state in an action brought to recover damages for the negligent operation by his decedent of an automobile upon the highways of this state. (Veh. Code, §§ 17450-17456.) These sections of the Vehicle Code specify in detail the manner in which service may be made upon a foreign executor of the estate of a person not a resident of California who, by operating an automobile upon the highways of this state has irrevocably appointed the Director of Motor Vehicles as his true and lawful attorney upon whom may be served process in any action brought against him or his administrators or executors to recover damages for personal injury alleged to have been sustained as a result of his negligent operation of an automobile upon the highways of the state.

In order to obtain jurisdiction over a foreign executor it is necessary that the statutory conditions upon which service depends, must be strictly observed. (*Weisfeld* v. *Superior Court*, 110 Cal.App.2d 148, 151 [242 P.2d 29].) The

statute requires that service upon a foreign executor be made by serving a copy of the summons and complaint upon the Director of Motor Vehicles and thereafter either sending to the nonresident executor by registered mail a notice of service of the summons and complaint upon the director together with a copy of the summons and complaint, or by personal service of said notice and summons and complaint upon the executor. Respondent real party in interest contends that as petitioner was personally served with the summons and complaint while within this state that the statute has been complied with. We cannot agree.

Petitioner, as an individual and as executrix of the estate of David under the letter testamentary issued by the New York court is, in the theory of the law, two persons. Her powers and authority as executrix exist only in the State of New York and when she left that state she did not do so in her capacity as executrix but only as an individual and personal service upon her in this state would not accomplish service upon her as executrix. Such service could only be accomplished in the manner provided by the statute. (*Helme* v. *Buckelew, supra,* 128 N.E. 216; *McMaster* v. *Gould, supra,* 148 N.E. 556.) The distinction between the two legal personalities of a foreign executor is well stated by the New York Court of Appeals in *McMaster* v. *Gould* at page 558: "The executor as individual and as an official is in the theory of law two persons. Even as to foreign executors, there must be a domicile or possession which gives to the res to be administered a situs in New York. This conclusion seems inevitable. . . . The concept of a foreign nonresident executor without assets in this state as present in his fiduciary capacity is as difficult as the discarded concept of a foreign corporation as present in this state merely because one of its directors is found here. [Citations.] Regarding the foreign executor as a trustee rather than as an owner, even his presence in the state as an individual does not imply his presence as executor unless assets in the state or other trust duties to be performed here make his presence an incident of his fiduciary capacity, and he must be present in the state as executor before judgment in personam can be entered against him."

We are cognizant of the fact that the purpose of the service of process is to give notice of the pendency of the action by the defendant, but the estate of the decedent is entitled to have notice brought home to it in the manner specified by the statute and not otherwise.

Let a peremptory writ of mandate issue directing the respondent court to vacate its order denying petitioner's motion to quash the summons and to enter its order granting that motion.

Shinn, P. J., and Ford, J., concurred.