[Civ. No. 103.   Fifth Dist.   Feb. 1, 1962.]

BAKERSFIELD HACIENDA, INC., Petitioner, v. THE
    SUPERIOR COURT OF KERN COUNTY, Respondent;
    CONSTITUTION LIFE INSURANCE COMPANY,
    Real Party in Interest.

Kindel & Anderson, Paul L. Freese and Baker, Palmer, Wall & Raymond for Petitioner.

No appearance for Respondent.

Ward, Ryan, Heyler & Traxler, Young, Wooldridge & Paulden and Robert J. Self for Real Party in Interest.

CONLEY, P. J.—This proceeding is on an order to show cause based on a petition filed by Bakersfield Hacienda, Inc., a corporation, which prays for a writ of prohibition and alleges that jurisdiction was never obtained over the petitioner in an action pending in the Superior Court of Kern County, entitled *Constitution Life Insurance Company*, a corporation, versus *Bakersfield Hacienda, Inc.*, a corporation, and others, superior court case No. 80950.

The record shows that on May 19, 1961, Constitution Life Insurance Company, a corporation, as plaintiff, filed the action against Bakersfield Hacienda, Inc., a corporation, Title Insurance and Trust Company, a corporation, and several fictitious defendants in which plaintiff sought judgment for the sum

of $480,000 and interest thereon at the legal rate, for reasonable attorneys' fees, costs and disbursements, and for the foreclosure of a trust deed on a parcel of land located in Kern County upon which the Bakersfield Hacienda Motel is located.

On August 22, 1961, the plaintiff filed two affidavits in support of a requested order for substituted service on the Secretary of State. (Code Civ. Proc., § 411, subd. 1; Corp. Code, §§ 3301, 3302 and 3303.) One of the affidavits was made by John B. Young, an attorney for the plaintiff. It recites that the defendant Bakersfield Hacienda, Inc., is a corporation, duly organized and existing under and by virtue of the laws of the State of California; that the Secretary of State has informed him that the defendant, Bakersfield Hacienda, Inc., has not filed with the Secretary of State a designation of an agent for the purpose of service of process; "That the plaintiff has diligently attempted to effect service upon the defendant by service upon one MELBA MOORE, the General Manager of the Hacienda Motel, 251 South Union Avenue, Bakersfield, California, which motel is reputed to be the principal business of said defendant, but all efforts of plaintiff to effect service upon said defendant have failed. That with respect to the diligence of the plaintiff in connection with service of process upon said defendant this affiant refers to the affidavit of JOSEPH P. HARVEY, of even date herewith and filed in this action." The affidavit of Joseph P. Harvey reads as follows:

"JOSEPH P. HARVEY, being first duly sworn, deposes and says:

"That affiant is a resident of the City of Bakersfield, County of Kern, State of California, and that his usual business is that of serving papers for attorneys at law practicing in the County of Kern, State of California. That on June 21, 1961, he was requested by Young, Wooldridge & Paulden, attorneys for plaintiff in the above action, to effect service of the Summons and Complaint in the above entitled action upon the defendant, BAKERSFIELD HACIENDA, INC., a corporation, by delivery of a copy of the Summons and Complaint to MELBA MOORE, General Manager of the Hacienda Motel, at 251 South Union Avenue, Bakersfield, California. That on previous occasions this affiant has effected service on this defendant by the delivery to said MELBA MOORE of copy of Summons and Complaint in the respective action in which service was effected.

"That commencing June 21, 1961, this affiant has made

numerous trips to the Hacienda Motel for the purpose of handing to said MELBA MOORE a copy of the Summons and Complaint in this action, but affiant has never been able to locate the said MELBA MOORE, and in this connection affiant alleges that he has made more than twelve trips to the Hacienda Motel and in each instance he has been informed that the said MELBA MOORE was not present, but in Las Vegas, Nevada, or some other location. That except for one weekend, while affiant was absent from Bakersfield, California, and except on those days during which affiant has called at the Hacienda Motel in person, he has called almost daily to the Hacienda Motel by telephone to determine if the said MELBA MOORE was present, but on each occasion affiant has been informed that the said MELBA MOORE is absent therefrom.

''That affiant has sought to have some other person at the Hacienda Motel accept service on behalf of the Bakersfield Hacienda, Inc., but in each instance he has been informed that the said MELBA MOORE is the only person authorized to accept service on behalf of said corporation.''

Based solely upon these affidavits the court made an order for substituted service, and after the completion of such service on the Secretary of State, granted a default judgment in favor of plaintiff for the foreclosure of the trust deed. An application made by petitioner to set aside the default and the default judgment was denied.

A proceeding in prohibition is a proper method of testing jurisdiction. ██ As is said in *Hagan* v. *Superior Court*, 53 Cal.2d 498, 501 [348 P.2d 896] :

''A writ of prohibition is an appropriate remedy to arrest the proceedings of a court when there is not a plain, speedy, and adequate remedy in the ordinary course of the law and when the proceedings of the court are without or in excess of its jurisdiction. (Code Civ. Proc., §§ 1102, 1103.)''

(See also *Jardine* v. *Superior Court*, 213 Cal. 301 [2 P.2d 756, 79 A.L.R. 291] ; *Weisfeld* v. *Superior Court*, 110 Cal. App.2d 148, 152 [242 P.2d 29] ; *Berger* v. *Superior Court*, 79 Cal.App.2d 425, 426 [179 P.2d 600].)

██ However, inquiry should always be made whether a petitioner is justified in asking for this extraordinary remedy or, in other words, whether it has resorted to all reasonable means of righting the alleged wrong in the ordinary course of litigation prior to applying for the extraordinary writ.

It might be urged that the petitioner should appeal from the judgment of the superior court, but if this were done it would require a voluntary appearance and the waiver of the jurisdictional issue. (*Jardine* v. *Superior Court, supra,* 213 Cal. 301 [2 P.2d 756, 79 A.L.R. 291] ; *Berger* v. *Superior Court, supra,* 79 Cal.App.2d 425 [179 P.2d 600].)

No appeal could properly be taken from the order denying the motion to set aside the judgment because of the general principle thus stated in 3 California Jurisprudence 2d, Appeal and Error, under the heading ''Orders on Motion to Vacate in Other Situations,'' section 57, pages 489, 490 :

''Even where there is a right of appeal from a judgment or order, a party cannot ordinarily take an appeal from a subsequent order denying a motion to vacate the judgment or order complained of, under such circumstances that the motion merely calls upon the court to repeat or overrule the former ruling on the same facts. And if the grounds upon which the parties seek to have a judgment vacated existed before the entry of the judgment and would have been available on an appeal from the judgment, an appeal will not lie from an order refusing the motion.''

It appears to us that the petitioner here had no plain, speedy or adequate remedy in the ordinary course of law and that prohibition is the appropriate remedy to determine the question at issue. (*Batte* v. *Bandy,* 165 Cal.App.2d 527 [332 P.2d 439] ; *Bowles* v. *Superior Court,* 44 Cal.2d 574, 582 [283 P.2d 704] ; *Hagan* v. *Superior Court, supra,* 53 Cal.2d 498 [348 P.2d 896] ; *Chaplin* v. *Superior Court,* 81 Cal.App. 367, 379 [253 P. 954] ; *Berger* v. *Superior Court, supra,* 79 Cal. App.2d 425 [179 P.2d 600] ; 3 Witkin, California Procedure, Extraordinary Writs, § 36, subd. (a), p. 2511, 1961 Supp., § 31, pp. 216-217.)

Section 3302 of the Corporations Code reads as follows:

''If designation of an agent for the purpose of service of process has not been filed with the Secretary of State, or if the agent designated cannot with due diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of a court or judge that personal service of process against a domestic corporation cannot be made with the exercise of due diligence upon the designated agent or in any other manner provided by law the court or judge may make an order that the service be made upon the corporation by delivering by hand to the

Secretary of State, or to any person employed in his office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner constitutes personal service upon the corporation.''

■ It is clear that section 3302 of the Corporations Code and section 411 of the Code of Civil Procedure must be construed together. (*Batte* v. *Bandy, supra,* 165 Cal.App.2d 527, 535 [332 P.2d 439].)

Section 411 of the Code of Civil Procedure provides in part as follows:

''The Summons must be served by delivering a copy thereof as follows:

''1. If the suit is against a domestic corporation: to the president or other head of the corporation, a vice president, a secretary, an assistant secretary, general manager, or a person designated for service of process or authorized to receive service of process. . . . If no such officer or agent of the corporation can be found within the State after diligent search, then to the Secretary of State as provided in Sections 3301 to 3304, inclusive, of the Corporations Code, unless the corporation be of a class expressly excepted from the operation of those sections.''

■ It will be noted from the affidavits of Mr. Harvey and Mr. Young that no attempt whatsoever was made to serve ''. . . the president or other head of the corporation, a vice president, a secretary, an assistant secretary, . . .'' The subdivision also permits service upon the general manager of the corporation.

The affidavits state that an attempt was made to serve ''. . . MELBA MOORE, General Manager of the Hacienda Motel, at 251 South Union Avenue, Bakersfield, California.'' But the general manager of a motel is not the general manager of the corporation. The legislative history of section 411 of the Code of Civil Procedure shows that the term ''general manager'' was substituted by the Legislature for the term ''managing agent'' that formerly occupied the same position in the section; this fact reinforces our assurance that the intention of the Legislature as expressed in the present code section is to permit service to be made upon the general manager of the corporation and not simply on a managing agent of one part of its business.

Black's Law Dictionary (4th ed. 1957) page 814, defines general manager as follows:

"One having general direction and control of corporation's affairs, and who may do everything which corporation could do in transaction of its business. . . . A manager for all general purposes of the corporation."

The term "general manager of a corporation" indicates one who has general direction and control of the business of the corporation as distinguished from one who has the management only of a particular branch of the business; he may do everything which the corporation could do in transaction of its business. (*Braman, Dow & Co.* v. *Kennebec Gas & Fuel Co.*, 117 Me. 291 [104 A. 3]; *Continental Supply Co.* v. *Forrest E. Gilmore Co. of Texas* (Tex.Civ.App.) 55 S.W. 2d 622.) There is thus nothing in the affidavits upon which the order for substituted service is based which shows even an attempt to serve any of the persons enumerated in section 411, subdivision 1, of the Code of Civil Procedure.

The case for the issuance of the writ is further strengthened by allegations made in the petition and not denied, namely, that the President and the Secretary-Treasurer of the Constitution Life Insurance Company corresponded with the petitioner as late as May 1960, at petitioner's principal place of business at 333 South Glasgow Avenue, Inglewood, California, and consequently that they knew petitioner's address; that although the real party in interest had been notified by the Secretary of State that petitioner's principal place of business is located in Los Angeles County, no effort was made to serve petitioner in that county; that the petitioner had previously filed numerous documents with the Commissioner of Corporations in which its address was repeatedly stated; that the president of the petitioner, R. E. Wilson, was regularly present at the Inglewood address and that he could have been served there.

It further appears in the file of the superior court case that there was on file in the office of the County Clerk of Los Angeles County a "Certificate of Amendment to Articles of Incorporation of Bakersfield Hacienda, Inc.," which specifically shows the address of the corporation to be 333 South Glasgow Avenue, Inglewood, California.

As the record shows a lack of due diligence on the part of the real party in interest in attempting service upon the petitioner, we necessarily reach the conclusion that the trial

court was entirely without legal power to make the order for substituted service.

The real party in interest cites a number of cases which under diverse facts and circumstances uphold a trial judge's order for substituted service, but there is no case which approaches this one in its utter failure to show any diligence whatsoever in attempting to serve a corporate defendant by personal service on one of the officers specified in subdivision 1 of section 411 of the Code of Civil Procedure in the county where its principal place of business was located.

The real party in interest also apparently takes comfort in certain cases decided under the provisions of section 6500 of the Corporations Code. (*Cosper* v. *Smith & Wesson Arms Co.*, 53 Cal.2d 77, 83 [346 P.2d 409]; *Carl F. W. Borgward, G.M.B.H.* v. *Superior Court*, 51 Cal.2d 72, 78 [330 P.2d 789]; *Eclipse Fuel etc. Co.* v. *Superior Court*, 148 Cal.App.2d 736, 738 [307 P.2d 739].) But these cases are not in point, as they construe a different code section dealing with service of a foreign corporation.

Let a peremptory writ of prohibition issue to restrain the respondent court from enforcing the decree of foreclosure and order of sale made on the 3d day of November, 1961, and filed in the office of the County Clerk of the County of Kern on November 6, 1961, and recorded in Book 123 of Judgments at page 50; from taking any further steps of any kind to enforce said decree; from denying any application of the Bakersfield Hacienda, Inc., a corporation, to annul and set aside the said decree and order of sale and the default of said defendant; and from taking any further or other action in the said cause, except as hereinbefore stated, unless and until the said Bakersfield Hacienda, Inc., has been first duly and regularly served with process in said suit and has had an opportunity to appear in said suit, in accordance with the law and the views expressed in this opinion.

Brown, J., and Stone, J., concurred.