[Civ. No. 26968.   Second Dist., Div. Three.   Apr. 2, 1963.]

SHIMSHON BEN-YEHOSHUA, Petitioner, v. THE SU-
PERIOR COURT OF LOS ANGELES COUNTY, Re-
spondent; BEVERLY BAUMRING, a minor, etc., Real
Party in Interest.

Betts, Ely & Loomis for Petitioner.

Harold W. Kennedy, County Counsel, and John J. Collins,
Deputy County Counsel, for Respondent.

Brody & Grayson and Joseph T. Vodnoy for Real Party in
Interest.

FORD, J.—The petitioner seeks a writ of mandate to com-
pel the superior court to vacate an order denying the peti-

tioner's motion to quash service of summons and thereupon to make an order granting that motion.

On May 8, 1961, the real party in interest, a minor, filed an action against the petitioner to recover damages for personal injuries alleged to have been sustained by her in an automobile accident which occurred in the County of Los Angeles on or about May 8, 1960. The real party in interest, as plaintiff in the action, made an application to the superior court on April 3, 1962, for an order for publication of summons. (See Code Civ. Proc., § 412.) In a declaration filed in support of the application, her guardian *ad litem* stated in part as follows: "To the best of my knowledge, defendant was an Israeli. Said defendant cannot, after due diligence, be found within the State of California. The last known place of address of said defendant is 99 South Pearl Street, Albany, New York. . . . At the time of the accident, defendant was a student at U.C.L.A. The Registrar of U.C.L.A. was contacted and the Registrar stated that the defendant was living in Davis, California. . . . I then wrote the deputy sheriff in Davis, California, who informed me that defendant was not living in Davis any longer. A subsequent letter from the Registrar at the University of California, Davis Branch, stated that the defendant was at the 99 South Pearl Street address, Albany, New York. . . . The Sheriff of Albany, however, informed that defendant had left for Israel. . . ."

On April 3, 1962, the superior court made an order for publication of alias summons, which order was based on the determination that the petitioner "cannot after due diligence be found within the State of California." In the order it was further stated that "the last known place of residence of said defendant is 99 S. Pearl Street, Albany, New York."[1] Publication pursuant to the order was completed in the month of April 1962. (See Code Civ. Proc., § 413.) The petition states that one of the documents attached to the application for the order for publication of summons was: "A Return Receipt

[1]Section 413 of the Code of Civil Procedure, after the statement of what the order must contain with respect to the publication of. the summons, is in part as follows: "In case of publication, where the residence of a nonresident or absent defendant is known, the court, judge, or justice, must direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to the person to be served, at his place of residence. When publication is ordered, personal service of a copy of the summons and complaint out of the State is equivalent to publication and deposit in the post office. Service is complete upon the making of such personal service or at the expiration of the time prescribed by the order for publication, whichever event shall first occur."

of the United States Post Office addressed to Petitioner at 99 South Pearl Street, Albany, New York, with the delivery date of March 22, 1962." It is not alleged that the petitioner personally signed the receipt. The petitioner was never personally served with a copy of the summons and complaint. On August 31, 1962, the petitioner filed a motion in the superior court to quash service of summons on the ground that the court was without jurisdiction to subject him to a judgment *in personam.* The motion was denied on December 4, 1962.

The petitioner contends that the showing made in support of the application for the order for publication of summons was insufficient to support the order and directs attention to the hearsay nature of a substantial portion of such showing. (See *Miller* v. *Superior Court,* 195 Cal.App.2d 779, 782-784 [16 Cal.Rptr. 36].) But it is unnecessary to pass directly upon that question at this time. Certainly, the real party in interest is not in a position to ask this court to disregard hearsay evidence which she offered by means of the declaration of her guardian *ad litem* and which has a substantial bearing on the issue here presented. (See *Buchanan* v. *Nye,* 128 Cal.App.2d 582, 586 [275 P.2d 767].) The only reasonable inference which can be drawn from the showing so made by the plaintiff is that the petitioner departed from the state after the accident and before the order for publication. Consequently, even if it be assumed that the petitioner was a domiciliary rather than a nonresident of this state at a pertinent time prior to such departure, power to render a judgment *in personam* against the petitioner would not exist in the absence of compliance with section 417 of the Code of Civil Procedure.[2] (*Miller* v. *Superior Court, supra,* 195 Cal.App.2d 779, 788.) Since personal service as prescribed in section 417 was not made in the present case, the petitioner's motion should have been granted.

While it is not directly pertinent to the determination of this matter, except insofar as it indicates that the question

---

[2] Section 417 of the Code of Civil Procedure is as follows: "Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this State (a) at the time of the commencement of the action, or (b) at the time that the cause of action arose, or (c) at the time of service." As used in that section, resident means domiciliary. (*Owens* v. *Superior Court,* 52 Cal.2d 822, 827 [345 P.2d 921].)

of the sufficiency of the showing made in support of the application for the order for publication of summons may become moot, it is worthy of note that the petition herein states as follows: "On August 9, 1961, the original Summons in said personal injury action was filed in Respondent Court, together with the certification of the office of the Sheriff of the County of Sacramento. Said certification alleged that a copy of said Summons and a copy of said Complaint were served August 3, 1961, on Petitioner by serving the Director of the Department of Motor Vehicles of the State of California by delivery to the secretary to said director pursuant to Section 17454 of the California Vehicle Code." But it does not appear that there was compliance with sections 17455 and 17456[3] in the course of the resort by the real party in interest to the provisions of the Vehicle Code relating to service of process on nonresident motorists (Veh. Code, § 17450 et seq.) ▮ It is to be noted that sufficient compliance with sections 17455 and 17456 may be had by means of personal service upon a nonresident defendant and proof thereof of the nature set forth in the latter section, even though the defendant is not within the territorial limits of the United States at the time of such service. (*Silver Swan Liquor Corp.* v. *Adams*, 43 Cal.App.2d Supp. 851, 852 [110 P.2d 1097].) ▮ But in the absence of compliance, the superior court is without power to render a valid judgment *in personam* against a nonresident motorist. (*Weisfeld* v. *Superior Court*, 110 Cal.App.2d 148, 151 [242 P.2d 29].)

Let a peremptory writ of mandate issue commanding the

---

[3]Section 17455 of the Vehicle Code is as follows: "A notice of service [on the Director of Motor Vehicles] and a copy of the summons and complaint shall be forthwith sent by registered mail by the plaintiff or his attorney to the defendant. Personal service of the notice and a copy of the summons and complaint upon the defendant wherever found outside this State shall be the equivalent of service by mail."

Section 17456 of the Vehicle Code is as follows: "Proof of compliance with Section 17455 shall be made in the event of service by mail by affidavit of the plaintiff or his attorney showing said mailing, together with the return receipt of the United States post office bearing the signature of the defendant. The affidavit and receipt shall be appended to the original summons which shall be filed with the court from out of which the summons issued within such time as the court may allow for the return of the summons.

"In the event of personal service outside this State, compliance with Section 17455 may be proved by the return of any duly constituted public officer, qualified to serve like process of and in the state or jurisdiction where the defendant is found, showing such service to have been made. The return shall be appended to the original summons which shall be filed as aforesaid."

respondent court to vacate its order denying petitioner's motion to quash the service of summons and thereupon to enter its order granting that motion.

Shinn, P. J., and Files, J., concurred.

A petition for a rehearing was denied April 22, 1963.