[Civ. No. 12803. Third Dist. Jan. 4, 1971.]

JAMES E. STAMPS, Petitioner, v.
THE SUPERIOR COURT OF YUBA COUNTY, Respondent;
BARBARA JEAN WELLINGTON, Real Party in Interest.

**COUNSEL**

McDonald & Donahue and Michael Lyions for Petitioner.

No appearance for Respondent.

Dahl, Stark, Hefner, Marois & James and Paul James for Real Party in Interest.

**OPINION**

**PIERCE, P. J.**—Real party in interest, Barbara Jean Wellington (hereinafter "ex-wife"), brought suit in Yuba County against petitioner, James E. Stamps ("ex-husband") to establish an Arkansas decree of divorce and to modify it in ways not relevant to this discussion. The action was brought before July 1, 1970. Service of process was attempted but (as is conceded)

was inadequate to give in personam jurisdiction because the process server in Arizona served the copy of the complaint and summons not upon ex-husband but upon ex-husband's wife. Ex-husband appeared specially in the Yuba County Superior Court to quash service of process. The trial court in a memorandum opinion conceded that no service of process sufficient to establish in personam jurisdiction over ex-husband had been made and asserted that the motion was well taken. Nevertheless, the court deemed that someday in some way a valid service of summons might be attained and therefore *denied* the motion.

July 1, 1970, passed and ex-wife then attempted service by mail to obtain personal service pursuant to the provisions of Code of Civil Procedure section 415.40 of the new Jurisdiction and Service of Process Act (Stats. 1969, ch. 1610). That section provides in part that summons may be made on a person outside this state "by sending a copy of the summons and of the complaint to the person to be served by any form of airmail. . . ." *Proof* of service by that method "shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed receipt or other evidence." (Code Civ. Proc., § 417.20, subd. (a).) Ex-husband at all times herein relevant has been a resident of Arizona.

In the case now before this court the process was sent by airmail, return receipt requested, but the return receipt was returned bearing the notice "unclaimed." Hence there was no "signed receipt or other evidence" of delivery.

The trial court deemed erroneously that the service described was adequate to comply with the law. In order to obtain in personam jurisdiction through any form of constructive service there must be strict compliance with the requisite statutory procedures.[1] That was not accomplished.

Nothing herein contained shall be construed to apply to any service of process by ex-wife upon ex-husband made pursuant to Code of Civil Pro-

---

[1] As examples, see *Chaplin* v. *Superior Court* (1927) 81 Cal.App. 367, 375-376 [253 P. 954] (actual notice insufficient); *Pinon* v. *Pollard* (1945) 69 Cal.App.2d 129, 133 [158 P.2d 254] (constructive service upon nonresident); *Weisfeld* v. *Superior Court* (1952) 110 Cal.App.2d 148, 151-152 [242 P.2d 29] (nonresident motorist); see also *Community Redevelopment Agency* v. *Superior Court* (1967) 248 Cal.App.2d 164, 178 [56 Cal.Rptr. 201], hg. den. (publication); *Eagle Electric Mfg. Co.* v. *Keener* (1966) 247 Cal.App.2d 246, 250-251 [55 Cal.Rptr. 444] (foreign corporation); *Ben-Yehoshua* v. *Superior Court* (1963) 214 Cal.App.2d 719, 722 [29 Cal.Rptr. 775] (nonresident motorist); *Kaplan* v. *Superior Court* (1961) 191 Cal.App.2d 492, 494-495 [12 Cal.Rptr. 781] (foreign executor); and see Symposium, *California Jurisdiction*, 21 Hastings L.J. 1105, 1257-1280, 1281-1290.

cedure section 415.20, with proof of service as provided in said Jurisdiction and Service of Process Act (Stats. 1969, ch. 1610). Nothing in the record before us shows such service.

Let a writ issue compelling respondent court to vacate its order denying ex-husband's motion to quash service and to vacate the order declaring service as described sufficient to afford in personam jurisdiction against ex-husband. The trial court is directed to enter its order granting said motion to quash, all in accordance with the views expressed herein. The previous order of this court staying further proceedings in the superior court is vacated.

Regan, J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.