FILED

JAN 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL L. JIMENA, | No. 11-16845 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00367-OWW-SKO |
| v. | |
| CLIVE STANDISH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Carl L. Jimena appeals pro se from the district court's summary judgment in

his action alleging claims for fraud, violation of state commercial codes, and

intentional tort. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo, *Estate of Tucker ex rel Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1029 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment because Jimena failed to present admissible evidence establishing a genuine dispute of material fact regarding UBS AG's liability. *See id.* at 1032 n.14 (nonmoving party must establish the existence of a genuine factual dispute on the basis of admissible evidence); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("[u]nauthenticated documents cannot be considered in a motion for summary judgment.").

The district court properly dismissed Jimena's claims against UBS FS because Jimena failed to allege facts sufficient to support these claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (to avoid dismissal, a plaintiff must allege more than "labels and conclusions" or "naked assertion[s]" in support of his claims (citation and internal quotation marks omitted)).

The district court properly denied Jimena's motion to remand because defendants' notice of removal was timely and the court had diversity jurisdiction. *See* 28 U.S.C. § 1446(b) (30-day deadline for notice of removal); Cal. Civ. Proc. Code § 415.40 (service "deemed complete on the 10th day after" certified mailing); *Bakersfield Hacienda, Inc. v. Superior Court In and For Kern Cnty.*, 18

Cal. Rptr. 812, 815-16 (Ct. App. 1962) (requiring "general manager" for purposes of valid service under Cal. Civ. Proc. Code § 415.10 to be person with "general direction and control of the business of the corporation"); *see also* 28 U.S.C. § 1332 (providing for district court diversity jurisdiction over actions "between" citizens of different states).

The district court did not abuse its discretion in denying Jimena's requests for default judgment against Standish, UBS FS, and UBS AG because these defendants were not in default. Moreover, contrary to Jimena's contention, the record does not indicate that Standish was properly served. *See* Cal. Civ. Proc. Code § 413.10(c) (listing proper methods of service under California law on a person outside the United States).

The district court did not abuse its discretion in granting UBS AG's motion for relief from deemed admissions. *See* Fed. R. Civ. P. 36(b); *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (setting forth standard of review).

The district court did not abuse its discretion in denying Jimena's motion to disqualify the district court judge because the district court considered the grounds for recusal and determined that Jimena failed to demonstrate that the judge's impartiality might be reasonably questioned or that the judge had a personal bias or prejudice. *See* 28 U.S.C. § 455; *Liteky v. United States*, 510 U.S. 540, 555 (1994)

("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Because the district court properly granted summary judgment, Jimena's appeal of the district court's denial of his motions for injunctive relief and judgment on the pleadings, which were duplicative of his opposition to summary judgment, is unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

Jimena's motion to expedite decision in this case is denied as moot.

**AFFIRMED.**