The Chancellok.
The right of a defendant in equity to require from the complainant, who is resident abroad, security for the costs of the suit does not rest upon the provisions of o.ur statute. It is an ancient and well established rule, that if the complainant is resident abroad, the court, on the application of the defendant, will order him to give security for costs, and in the -meantime will direct all proceedings to be stayed. 1 Daniell’s Pr. 35; 1 Hoffman’s Pr. 200.
Nor is it necessary, to entitle the defendant to the order, that the complainant should reside out of the state at the time of filing his bill of complaint. It will be granted if the complainant goes abroad to reside after the commencement of the suit. Anonymous, 2 Dickens 776; Weeks v. Cole, 14 Vesey 517; Dyott v. Dyott, 1 Mad. 179 (Am. ed.); 1 Daniell’s Pr. 36; 1 Smith’s Pr. 558; 1 Hoffman’s Pr. 200.
But if the fact of the nonresidence of the complainant appear upon the face of the bill, or is known to the defendant, he must apply for security before answer or taking any other step in the cause. If after notice of nonresidence, the defendant takes any step in the cause, he thereby waives security for costs. Meliorucchy v. Meliorucchy, 2 Vesey, sen. 24; Craig v. Bolton, 2 Brown C. C. 609; Dyott v. Dyott, 1 Mad. *293 109 (Am. ed.); Prior v. White, 2 Molloy 361; Long v. Tardy, 1 Johns. Ch. R. 202; Goodrich v. Pendleton, 3 Johns. Ch. R. 520.
At the commencement of this suit the complainant resided in the state. It so appears upon the face of the bill. He removed from the state to Connecticut, in November, 1861. The answer was filed on the nineteenth of November. On the fourth of February, 1862, the defendant obtained an order extending the rule for closing testimony. Whether the answer was filed before or after the complainant left the state is not clear, nor is it material. One step, at least, has been taken in the cause by the defendant since the complainant ceased to be a resident of the state. There are circumstances tending to show that the defendant had notice of the change of residence by the complainant before the making of the order on the fourth of February. The fact of notice is not denied by the defendant in his affidavit. He states that he supposed that the complainant was a resident of this state “until a short time since.” He also states that, on the twenty-first day of March, ho visited Connecticut, and found the complainant residing there upon a farm, and then learned that the complainant moved out of this state into the state of Connecticut, and upon the said farm, in the month of November, A. D. 1861. All this may be true, and yet the defendant may have had notice before the fourth day of February that the complainant had removed from this state to reside elsewhere. Hnder the circumstances, there should have been a full and explicit denial, by the defendant, of notice of the complainant’s change of residence at the time of taking the last order in the cause.
The affidavit on the part of the complainant, not having been taken pursuant to the rule of court, is excluded as incompetent evidence.
The motion is denied, costs to abide the event of the suit.