Complainant is a non-resident. Defendant New York Life Insurance Company has applied for security for costs. At the return of an order to show cause defendant Mary E. Lewis also applied for like security. Complainant's non-residence appearing on the face of the bill, defendants are entitled.
The only controversy arises from the claim of complainant that he desires to deposit cash in lieu of a bond and objects *Page 419 
to making a separate deposit of the statutory $150 for each of the two defendants who have applied.
The right of the court of chancery to require security for costs to be given by a non-resident complainant is not dependent upon our statute. It was an ancient and well established rule in the court of chancery of England, existing independently of any statute, that if a complainant should reside abroad the court would order him to give security for costs upon an application for that purpose being made in behalf of one or more defendants. That ancient power of the court is recognized in Newman v.Landrine, 14 N.J. Eq. 291, as unimpaired by the provisions of our statute (section 8 of the Chancery act). In Dan. Ch. Pl. Pr. [*]33 et seq., the practice under the English rule is specifically defined. By the older practice the amount of security required was forty pounds sterling; that amount was later changed to one hundred pounds. When a cash deposit was made in lieu of a bond, one hundred and twenty pounds sterling was required. But the bond and deposits were regarded as for the benefit of all defendants who had applied for security. If bonds were executed on separate applications in separate departments of the court each bond was for the same amount, but all were regarded as for the benefit of all who had applied, and complainant was bound to pay only the amount of the penalty of one bond. Lowndes v. Robertson, 4 Madd. 465. In Johnson v.Atkinson (N.J. Ch.), 21 N.J.L.J. 73 (this case does not appear to be elsewhere reported), Chancellor McGill, in a case in which two defendants, who proposed to answer separately, each applied for security for costs, ordered a single bond to both applying defendants in conformity to the English rule. The amount of the bond was by him fixed at $150, because no special circumstances were disclosed requiring a larger amount; the reason assigned being that our statute had long fixed that amount in the absence of special reasons being made to appear. In conformity to that view an order will be made herein requiring a bond for $150 to the two applying defendants, or a deposit in that amount for the benefit of the two. *Page 420