Defendants apply for security for costs. Complainant is a corporation of the State of New York, licensed under our *Page 598 
statute to transact business in New Jersey. At Lyndhurst in this state it has its factory and there it has a resident agent upon whom process may be served. Both by statute and by the ancient rule, security is exacted when complainant resides out of the state. R.S. 2:29-25; Little v. Lewis, 109 N.J. Eq. 418. The purpose of the security is to prevent the defendant from being defeated of his right to costs. 1 Dan. Ch. P. P. 28.
Whether or not security should be given does not depend upon citizenship or legal domicile, but upon residence. In connection with the attachment act, a foreign corporation doing business in this state pursuant to license issued under our laws, and having a place of business here and an officer resident here upon whom process may be served, is considered a resident of New Jersey.Brand v. Auto Service Co., 75 N.J. Law 230; Mellor v. EdwardV. Hartford, Inc., 106 N.J. Law 574. The same rule may be used in respect to security for costs. Complainant is not a non-resident; defendants are no more apt to be defeated of their costs than if the complainant was incorporated under the laws of this state. The motion is denied.
The suit is brought by a judgment creditor to avoid an alleged fraudulent transfer of an automobile by the judgment debtor to his co-defendant. Complainant applies for an injunction restraining the defendants from disposing of the automobile pending the suit.
The answering affidavits present a circumstantial account of the transaction. The judgment debtor, Samuel Riccardi, last summer obtained employment as an outside salesman. For his work as a salesman, he needed an automobile and in order to buy one, borrowed $725 from his brother, the defendant Salvatore, and with the borrowed money, bought a car October 17th, 1938. Within a month, complainant began an action at law against him for an old debt. Samuel told Salvatore of the institution of the suit and Salvatore insisted that the car be turned over to him to protect him on his loan. This was done and is the alleged fraudulent transfer.
I assume that Samuel is insolvent and that he made the transfer in order to prefer Salvatore. But he had a right *Page 599 
to do so. Carluccio v. Winter, 108 N.J. Eq. 174. Of course, it may appear on final hearing that Samuel borrowed nothing from Salvatore; that he transferred the automobile in order to protect himself and not Salvatore. But it does not so appear from the affidavits before me. Complainant does not show a case in which relief should be accorded in advance of hearing. Injunction denied.