**McGUIRE, CORNWELL & BLAKEY,** Cornwell & Blakey, G. Robert Blakey, F. Kelly Smith and Greg A. Walker, Petitioners,

v.

**Guy GRIDER, Respondent.**

**Civ. A. No. 91–B–540.**

United States District Court, D. Colorado.

Aug. 21, 1991.

Robert S. Treece and Scott T. Erickson, Hall & Evans, Denver, Colo., for petitioners.

Guy Grider and Daniel J. Gamino, Daniel J. Gamino & Associates, P.C., Oklahoma City, Okl., for respondent.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Petitioners filed this action seeking an order compelling respondent Guy Grider (Grider) to proceed to arbitration. After a trial to court, I granted the petition based on an arbitration clause contained in two fee agreements signed by Grider. *McGuire, Cornwell & Blakey v. Grider*, 765 F.Supp. 1048 (D.Colo.1991). Before me are respondent's motion for a new trial or in the alternative for amendment of judgment, and petitioners' motion for attorney fees. For the reasons stated below, I deny both motions.

### I.

Grider raises several arguments why I should grant a new trial or amend judgment and deny the petition to compel arbitration. His primary contention is based on the discovery of new evidence. *See* Fed.R.Civ.Proc. 60(b)(2). The fee agreements provide for arbitration before the Legal Fees Arbitration Committee of the Colorado Bar Association (CBA). Grider contends that new evidence shows that the CBA is unwilling to arbitrate some or all of the disputes. I deny Grider's motion because this evidence, if presented at trial, would not have altered the outcome.

■ "A motion under Rule 60(b)(2) must, among other things, present matter that is material and of such importance that it would likely alter the outcome...." *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir.1991). Here, evidence that the CBA is unwilling to arbitrate the parties' dispute does not affect the enforceability of the arbitration agreement.

■ Section 5 of the Federal Arbitration Act, 9 U.S.C. § 5, provides: "If in the agreement provision be made for a method of naming or appointing an arbitrator ..., such method shall be followed; but if ... there shall be a lapse in the naming of an arbitrator ..., then upon the application of either party to the controversy the court shall designate and appoint an arbitrator...." Accordingly, as a general rule, where the arbitrator named in the arbitration agreement cannot or will not arbitrate the dispute, a court does not void the agreement but instead appoints a different arbitrator. *Astra Footwear Indus. v. Harwyn Int'l, Inc.*, 442 F.Supp. 907, 910 (S.D.N.Y.), *aff'd mem.*, 578 F.2d 1366 (2d Cir.1978); *Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 742 F.Supp. 1359, 1364–66 (N.D.Ill.1990).

There is an exception to this rule. Where "it is clear that the failed term is not an ancillary logistical concern but rather is as important a consideration as the agreement to arbitrate itself, a court will not sever the failed term from the rest of the agreement and the entire arbitration provision will fail." *Zechman*, 742 F.Supp. at 1364 (citing *National Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326 (5th Cir.), *cert. denied*, 484 U.S. 943, 108 S.Ct. 329, 98 L.Ed.2d 356 (1987)).

Here, there has been no showing that naming the CBA as arbitrator was central to the parties' agreement to arbitrate. Neither at trial nor in his motion, has Grider shown that the arbitrator-selector clause was an important consideration in its decision to arbitrate or that the parties intended the arbitration agreement to be voided if the CBA would not arbitrate the dispute. Instead, the evidence at trial and the language of the fee agreements establish that naming the CBA as arbitrator was merely "an ancillary logistical concern." Accordingly, Grider has not met his burden under Rule 60(b)(2). In addition, because neither party has applied for the appointment of a different arbitrator, I need not appoint an arbitrator at this time. *See* 9 U.S.C. § 5.

Grider next contends that my findings of fact were contrary to the evidence in the record. Upon conflicting testimony, I credited petitioners' testimony and not Grider's. My findings were thus supported by the evidence.

Lastly, Grider attempts to reconstruct his unclean hands argument. Again, I conclude that petitioners' conduct is not sufficiently egregious to prohibit enforcement of the parties' agreement to arbitrate. Accordingly, I deny Grider's motion for a new trial or in the alternative for amendment of judgment.

## II.

■ Petitioners contend that an award of attorney fee is available based on the following provision in the fee agreements:

> MCB may use any necessary legal methods and remedies, including the assertion/enforcement of liens and litigation, to collect amounts due MCB under this agreement. You [Grider] agree to pay all costs of collection and enforcement including attorney's fees, expenses and late charges.

Petitioners claim that they "are entitled to an award of their fees and expenses incurred in this action, which was brought to collect amounts due under the Fee Agreement and Modified Fee Agreement." Motion for Attorney's Fees ¶ 7. I disagree.

To be entitled to attorney fees under this provision, petitioners must first show that they are entitled to amounts due MCB. That issue has not yet been decided. Thus, the motion for attorney fees is premature and denied without prejudice.

Accordingly, it is ORDERED that:

(1) respondent's motion for new trial or in the alternative for amendment of judgment is DENIED; and

(2) petitioners' motion for attorney's fees is DENIED WITHOUT PREJUDICE.