**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1816-23

ASSOCIATED ASPHALT
PARTNERS, LLC, and
ASSOCIATED ASPHALT
TRANSPORT, LLC,

     Plaintiffs-Respondents,

v.

ASPHALT PAVING SYTEMS,
INC.,

     Defendant-Appellant.

_____

Argued September 11, 2024 – Decided October 4, 2024

Before Judges Currier and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2797-23.

Colin G. Bell argued the cause for appellant (Hankin Sandman Palladino Weintrob & Bell, attorneys; Colin G. Bell, on the briefs).

Rudolph C. Westmoreland argued the cause for respondents (Westmoreland Vesper & Quattrone, PA, attorneys; Rudolph C. Westmoreland, on the brief).

PER CURIAM

Defendant Asphalt Paving Systems, Inc. appeals from the February 12, 2024 order appointing a substitute arbitrator to determine the issue of damages in the dispute between the parties. We affirm.

Plaintiffs instituted a breach of contract action against defendant alleging two of plaintiffs' asphalt trailers disappeared from defendant's jobsite. The parties resolved the litigation after a mediation before Mark Soifer, Esq. In the settlement agreement drafted by Soifer, he was designated to serve as the arbitrator in any dispute that might arise over the implementation of the settlement agreement. Specifically, the agreement stated, "[T]he parties agree to binding arbitration of the dispute before Mark Soifer as the sole arbitrator." (emphasis added).

Following a disagreement over which party breached the settlement agreement, Soifer found defendant was in breach. Therefore, a second binding arbitration was necessary to determine the issue of damages—the value of the replacement trailers. Soifer intended to preside over that hearing. Thereafter, protracted litigation ensued in this court and the trial court. Ultimately, this court affirmed the trial court's order denying defendant's motion to vacate the arbitration award.

A-1816-23

Unfortunately, during the appellate litigation, Soifer passed away. The parties' attempts to agree upon an arbitrator to adjudicate the damages dispute were unsuccessful. Therefore, plaintiffs instituted this summary action presenting an order to show cause and a verified complaint seeking the court appoint an arbitrator to determine the damages issue.

In response, defendant filed a Notice of Demand for Security and Automatic Stay of Proceedings pursuant to N.J.S.A. 2A:15-67. Defendant alleged that plaintiffs, established in Virginia as LLCs, had not posted the required bond or security prior to filing the notice of appeal and, therefore, the proceeding was automatically stayed under N.J.S.A. 2A:15-67. Defendant also opposed the order to show cause and cross-moved to dismiss the verified complaint.

In a December 19, 2023 order, Judge Dean R. Marcolongo permitted plaintiffs to deposit funds into the Superior Court Trust Fund in satisfaction of their statutory obligation. The judge also heard oral argument on the parties' motions.

On February 12, 2024, Judge Marcolongo granted plaintiffs' application to appoint a substitute arbitrator. In a well-reasoned written decision, the judge noted the similar procedures under the Federal Arbitration Act, 9 U.S.C. § 5, and

3

N.J.S.A. 2A:23B-11(a) regarding the appointment of a substitute arbitrator. Essentially, if an appointed arbitrator "is unable to act and a successor has not been appointed, the court, on application of a party to the arbitration proceeding, shall appoint the arbitrator. An arbitrator so appointed has all the powers of an arbitrator designated in the agreement to arbitrate . . . ." N.J.S.A. 2A:23B-11(a).

Judge Marcolongo was guided by the principles established in a federal district court case, McGuire, Cornwell & Blakey v. Grider, 771 F. Supp. 319 (D. Colo. 1991). The judge stated:

> When deciding whether to appoint a substitute [arbitrator,] the general rule is "where the arbitrator named in the arbitration agreement cannot or will not arbitrate the dispute, a court does not void the agreement but instead appoints a different arbitrator." [(citing Astra Footwear Indus. v. Harwyn Int'l, Inc., 442 F. Supp. 907, 910 (S.D.N.Y. 1978))]. However, the exception to this rule is when "it is clear that the failed term is not an ancillary logistical concern but rather is as important a consideration as the agreement to arbitrate itself, a court will not sever the failed term from the rest of the agreement and the entire arbitration provision will fail."

Judge Marcolongo then considered "whether the [parties] naming of Mark Soifer as arbitrator was merely an ancillary logistical concern or if his service as an arbitrator was as important as the arbitration agreement itself." The judge found the parties' intent to arbitrate their disputes was clear as established in the

4

arbitration agreement and that Soifer "was not as important to the agreement to arbitrate as the agreement itself."

The judge further stated:

> The parties have not presented any evidence to indicate that Mr. Soifer was the only person who could logically arbitrate this dispute. Nothing has been presented to show he had any special skills, knowledge, or experience that would make him uniquely suited and qualified to arbitrate this dispute, such that the parties would have agreed he was the only person capable of arbitrating it. Thus, the [c]ourt finds that Mr. Soifer was not so central to this agreement as to be irreplaceable.

Judge Marcolongo ordered the parties to submit a list of three names and the curriculum vitae or resume of each if the arbitrator had "specific experience with transportation matters and/or trailers. If one name appears on both lists, that [a]rbitrator shall be selected. If not, the [c]ourt shall appoint an [a]rbitrator from the list of names."

On appeal, defendant contends the court erred in compelling arbitration before a substitute arbitrator because the parties only agreed to arbitrate before

Soifer; plaintiffs did not establish a deadlock requiring court intervention; and the case should have been automatically stayed under N.J.S.A. 2A:15-67.[1]

After a careful review of the record in light of the applicable principles of law, we affirm substantially for the reasons expressed by Judge Marcolongo in his thoughtful written opinion. We add only the following comments.

As the judge stated, the parties clearly indicated their intent through the settlement agreement to arbitrate their dispute. Their intent is further solidified by their participation in the arbitration of the liability issues, leaving the damages determination for a successive proceeding. They logically selected Soifer as the arbitrator as he facilitated the settlement agreement during the mediation.

However, as Judge Marcolongo found, there was no indication by the parties that Soifer was integral to the arbitration agreement or that he was the only person who could serve as the arbitrator of the parties' issues. Defendant did not present the court with any evidence that Soifer had any specialized

---

[1] During oral argument before this court, plaintiffs' counsel represented the required funds were deposited with the Trust Fund Unit. Defendant maintains it has never received proof of the deposit. Since the purpose of the security is to prevent a defendant from being defeated of their right to costs, and plaintiff has prevailed in the trial court and this court, we decline to further address this issue. See M.J. Merkin Paint Co. v. Riccardi, 124 N.J. Eq. 597, 598 (Ch. 1939).

knowledge of the value of replacement asphalt trailers to deem him irreplaceable as an arbitrator of the damages.

Defendant contends the language in the agreement appointing Soifer "as the sole arbitrator" reflects the parties' intent that only Soifer could arbitrate the case and therefore the court erred in granting plaintiffs' application to appoint a substitute arbitrator. We disagree. As stated, there is no indication that was the parties' intent. The fair and reasonable reading of the language is that the parties wanted one arbitrator to adjudicate the dispute, not a panel of two or more.

The essential intent of the parties was to arbitrate their dispute. Therefore, after applying a de novo review in determining the enforceability of the arbitration agreement, we see no reason to disturb Judge Marcolongo's determination to appoint a replacement arbitrator. See Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019) (citing Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)).

Defendant further contends the parties had not reached a deadlock in their ability to agree upon an arbitrator, preventing the court from appointing a substitute. If that were so, there would have been no summary application before Judge Marcolongo and no appeal before this court. Bottom line—the parties did not agree upon a replacement arbitrator, but instead sought judicial intervention.

A-1816-23

Any remaining arguments not addressed lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1816-23